STATE of Maine

v.

William HUFF.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1983.

Decided Jan. 9, 1984.

**1252**

James E. Tierney, Atty. Gen., Matthew F. Dyer, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Peter B. Dublin (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, William Huff, appeals from his conviction of attempted murder, 17–A M.R.S.A. §§ 201, 152 resulting from a jury trial in Superior Court (Sagadahoc County). On appeal, he argues that the presiding justice committed error in 1) denying his motion for judgment of acquittal based on the insufficiency of the evidence as to culpable state of mind, 2) denying his motion to have a court reporter present during grand jury proceedings, 3) admitting in evidence medical testimony concerning the details of treatment of the victim and in permitting the jury to view a scar on the victim's forearm, and 4) including in his charge to the jury an instruction with respect to the requisite culpable state of mind which was inappropriate for the crime of attempted murder. We find no error in the denial of the motion for judgment of acquittal or in the denial of the request for the recording of the grand jury proceedings but we do conclude that the presiding justice erroneously instructed the jury concerning the required culpable state of mind, and we vacate the judgment.

On the evening of December 24, 1981, in the town of Richmond, the defendant was out driving in his car with his wife Linda. Darkness had fallen and the streets were icy. As he turned onto Southard, a narrow, residential street, he noticed several individuals along the side of the road, and one person, Billy Chapman, who was walking near the middle of the street. The defendant decreased his speed, was approached by Chapman, and an altercation ensued. There was testimony that the defendant nearly skidded into him and a hostile verbal exchange followed with Chapman inquiring whether the defendant's car had brakes. Huff allegedly replied, "Brakes on my car. I'll kill you."

The defendant thereupon used his vehicle to pin Chapman against another car. A scuffle and a chase ensued during which Chapman received stab wounds in his forearm and leg. A police officer happened upon the scene, but Huff retreated to his vehicle and drove away. He was later arrested and on January 4, 1982, an indictment was returned charging him with attempted murder.

**I.**

Under 17–A M.R.S.A. § 152 "A person is guilty of criminal attempt if, *acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime,* he engages in conduct which, in fact, constitutes a substantial step toward its commission" (emphasis added). 17–A M.R.S.A. § 201 states in part: "A person is guilty of murder if: A. He intentionally *or knowingly* causes the death of another human being . . ." (emphasis added).

The presiding justice instructed the jury as follows:

Now, as to attempted murder, the law of the State of Maine as contained in our Criminal Code, Section 152, provides that a person commits a criminal attempt if, *acting with the kind of culpability required for the commission of the crime and with the intent to complete the commission of the crime,* he engages in conduct which, in fact, constitutes a substantial step towards its commission. . . . The law of the State of Maine in our Criminal Code, Section 201(1)(a) (sic) pro-

vides that a person commits murder if he intentionally *or knowingly* causes the death of another human being. The offense of murder is, therefore, comprised of the following three essential elements: ... and third and finally, that such killing was done by the other human being intentionally, that is, with the actual intent or conscious object to cause such death *or knowingly,* that is, with the awareness that it was practically certain that his conduct would cause such death. (emphasis added).

The defendant correctly contends that the instruction was erroneous because it is factually and legally impossible for an individual to intend knowingly to commit the crime of murder.

■ 17–A M.R.S.A. § 201 uses "intentionally" and "knowingly" as alternative states of mind. Under 17–A M.R.S.A. § 35(1)(A), "[a] person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result," and under section 35(2)(A), "[a] person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result." 17–A M.R.S.A. § 34 states "[w]hen the law provides that acting knowingly is sufficient to establish an element of the crime, that element is also established if, with respect thereto, a person acted intentionally." The Code does not state, nor would it be rational to infer, the converse.

■ Under 17–A M.R.S.A. § 152(1), a person is guilty of criminal attempt if he acts with the intent to complete the commission of the target offense. Where a discrepancy exists in the culpable mental states between criminal attempt and the

offense attempted, the criminal attempt to commit such a crime is a "logical impossibility". *State v. Howard,* 405 A.2d 206, 212 (Me.1979). Thus, there is no crime of attempted manslaughter because the requisite culpable state of mind for the crime of manslaughter is "recklessly" or "with criminal negligence". *State v. Howard,* 405 A.2d at 212. An actor ... cannot intend to act recklessly or negligently. *State v. Grant,* 418 A.2d 154, 156. Nor can he intend to act "knowingly". Before a person can be convicted of attempted murder, he must act with the intent to cause the death of another human being. *State v. Howard,* 405 A.2d at 212.

■ That "knowingly" is a distinct and less purposeful state of mind than "intentionally" is clear by definition, 17–A M.R.S.A. § 35(1)(A) and (2)(A), and is implicit in the formulation of 17–A M.R.S.A. § 34(3). While either mental state may satisfy the murder statute, this does not commend them equally for purposes of the attempt statute. We therefore hold that in a prosecution for criminal attempt, where alternative culpable mental states will satisfy the target offense, but only one is compatible with the attempt statute, the incompatible element must be omitted from the jury instructions.

■ The erroneous instructions of the presiding justice which included "knowingly" as a permissible alternative culpable state of mind for the crime attempted raised the possibility of jury confusion and of a verdict based upon impermissible criteria.[1] The defendant's conviction must stand, however, if the erroneous instruction constituted harmless error. Error is harmless under M.R.Crim.P. 52(a)[2] where the

---

1. We base our conclusion on the instructions as a whole. Although the court stated at one point, "the State must prove beyond a reasonable doubt that when the Defendant engaged in the alleged voluntary conduct, it was his conscious purpose to complete the commission of the crime of murder. In other words, it was his actual intent, desire, or purpose to kill William Chapman," we cannot assume that this eliminated the confusion introduced by the earlier

previously quoted portion of the charge. It may, indeed, have simply increased the confusion.

2. M.R.Crim.P. 52(a) provides: "*Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

appellate court believes it highly probable that the error did not affect the judgment. *See State v. True,* 438 A.2d 460, 467 (Me. 1981), citing with approval R. Traynor, *The Riddle of Harmless Error* 35, 49–51 (1970). A jury verdict based on a conclusion that the defendant acted with intent to cause death is supportable, but one predicated on his awareness of the practical certainty that his conduct will cause death is not. Because of the misleading instructions in this case, we are left to speculate as to the actual basis upon which the verdict was rendered. We are not persuaded that it is highly probable that the verdict was unaffected by the erroneous instruction and it therefore constitutes error which requires that the judgment be vacated.

## II.

■ We consider the defendant's contention that it was error to deny his motion for judgment of acquittal made at the close of all the evidence because the existence of error in this regard would require that the judgment be reversed rather than vacated.

17-A M.R.S.A. § 38 provides: "evidence of an abnormal condition of the mind may raise a reasonable doubt as to the existence of the required culpable state of mind." The defendant asserts that the evidence of an abnormal condition of the mind was so clear that no rational jury could have found beyond a reasonable doubt that he acted intentionally, the culpable state of mind required for conviction of attempted murder.

We disagree. Viewing the conflicting evidence on this issue in the light most favorable to the state, *State v. Blier,* 371 A.2d 1091, 1092 (Me.1977), the presiding justice correctly concluded that the jury could have determined beyond a reasonable doubt that the defendant acted intentionally.

## III.

■ The defendant also assigns error to the denial of his motion pursuant to

M.R.Crim.P. 6(d) [3] for the presence of a court reporter to record the grand jury proceedings. This argument is also without merit. In its discretion for good cause shown, the court is authorized to order that a court reporter record the evidence presented to the grand jury. *See State v. Rich,* 395 A.2d 1123, 1127 (Me.1978). The justice below expressly stated "... The court does not feel that the facts presented here are sufficient to justify such an order..." On this record we find no abuse of discretion. *See State v. Levesque,* 281 A.2d 570, 572–574 (Me.1971).

Because we vacate the judgment on the basis of improper jury instructions, the remaining issue raised on appeal does not require consideration.

The entry is:

Judgment vacated.

Case remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** M.R.Crim.P. 6(d) states "... Upon motion of the defendant or the attorney for the State, the court, in its discretion for good cause shown, may order that court reporter be present for the purpose of taking the evidence."