**STATE of Maine**

v.

**Jon BROWN.**

Supreme Judicial Court of Maine.

Argued May 9, 1984.

Decided Aug. 16, 1984.

Paul Aranson, Dist. Atty., Bethanne Poliquin, Laurence Gardner (orally), Asst. Dist. Attys., Portland, for plaintiff.

Alan R. Nye (orally), Franklin F. Stearns, Jr., Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Jon Brown appeals from his conviction of attempted murder, 17–A M.R.S.A. §§ 201, 152 (1983), and aggravated assault, 17–A M.R.S.A. § 208 (1983), following a jury trial in Superior Court, Cumberland County. Brown contends (1) that the evidence was insufficient to sustain a conviction for the offenses charged; (2) that the court erred in admitting evidence of certain prior convictions of the defendant; and (3) that the presiding justice erred in instructing the jury as to the required culpable state of mind for attempted murder. We affirm the judgments.

### I.

From December 23 to December 26, 1982, Jon Brown was on temporary release from the Maine State Prison, where he was serving a sentence for assault and for trafficking in prison contraband. He failed to return to custody on the 26th. At approximately 2:00 a.m. on December 27, he visited the apartment of Clayton and Mary-Ann Huff in Portland. Brown had known the Huffs for several years, and decided he would spend the night in their apartment. Before leaving for work on the morning of the 27th, Clayton awoke Brown and told him he would have to leave. Brown asked permission to stay, however, claiming he had nowhere else to go. Both Clayton and Mary-Ann agreed to the request. When Clayton returned a few hours later, he found Mary-Ann lying on their bed, covered with blood. A medical examination revealed that she had been beaten about the face and head, had suffered a broken jaw, and had been stabbed repeatedly in the chest.

Brown was subsequently indicted for attempted murder and aggravated assault, as well as for escape, 17–A M.R.S.A. § 755 (1983). The court granted a motion to sever the third count pursuant to M.R.Crim.P. 14. During a three day trial, Mary-Ann testified that Brown had punched her in the face and stabbed her with a knife. Brown testified that Mary-Ann made sexual advances toward him, that he had yelled obscenities at her and pushed her away, but he denied having assaulted her. The jury returned a verdict of guilty on each count.

### II.

■ Brown contends that the evidence in support of his convictions was insufficient as a matter of law. He bases this contention largely on the circumstantial nature of that evidence, the fact that the victim's testimony was uncorroborated, and on the lack of inculpatory physical evidence. A judgment of conviction will be overturned on the ground of insufficiency of the evidence only if that evidence, viewed in the light most favorable to the State, was such that no trier of fact could rationally find each element of the offense proved beyond a reasonable doubt. *State v. McKenney*, 459 A.2d 1093, 1096 (Me.1983); *State v. Van Sickle*, 434 A.2d 31, 34 (Me.1981).

At trial, the victim testified that she encountered the defendant on a stairway landing, and that he punched her and stabbed her with a knife. There was testimony, including Brown's own, placing him on the premises at the time of the stabbings. Brown admitted to having an unpleasant encounter with the victim, and although he denied stabbing her, he did admit to pushing her. This Court has held repeatedly that a conviction based on circumstantial evidence is not, for that reason, less conclusive, *State v. Snow*, 464 A.2d 958, 961 (Me.1983); *State v. Crosby*, 456 A.2d 369, 370 (Me.1983), and that the uncorroborated testimony of a victim may support a conviction so long as the testimony is not contradictory, unreasonable, or incredible, *State v. Parker*, 461 A.2d 501, 503 (Me.1983); *State v. Pierce*, 438 A.2d 247, 252 (Me.1981). It was for the jury to assess the credibility of the witnesses and the weight of the testimony presented, *State v. Mahaney*, 437 A.2d 613, 621 (Me. 1981); *State v. Crocker*, 435 A.2d 58, 77 (Me.1981). Taken in the light most favor-

able to the State, it is clear that the evidence against the defendant was sufficient to convict him of each of the offenses charged.

### III.

▮ Brown argues that the court abused its discretion in allowing evidence of his prior convictions for burglary and theft to be introduced for purposes of impeaching his credibility on the stand. Rule 609 of the Maine Rules of Evidence provides, in part, that

[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.

M.R.Evid. 609(a). In *State v. Roy*, 385 A.2d 795 (Me.1978), we held that the probative value of such evidence must relate to the veracity of the witness, and not to any supposed predisposition to commit the offense charged. *Id.* at 797 (citing *State v. Pinkham*, 383 A.2d 1355, 1357 (Me.1978)). This threshold determination was, in fact, made by the court below, which then went on to rule that the convictions for burglary and theft "are probative and in terms of this particular action, they are more probative than prejudicial." The defendant, beyond the bare assertion that "[t]here was an abnormal potential for prejudice inherent in the admission of these ... offenses,"

makes no clear representation of error by the presiding justice. Under the circumstances, we find no abuse of discretion in the court's evidentiary ruling.

### IV.

While instructing the jury on the attempted murder charge, the presiding justice offered an explanation of the elements of attempt, 17–A M.R.S.A. § 152,[1] and of murder, 17–A M.R.S.A. § 201.[2] Because the crime of attempt requires intentional conduct on the part of the accused, while the crime of murder requires, in the alternative, either intentional or knowing conduct, Brown contends that the instructions generated confusion as to the requisite *mens rea* for the crime of attempted murder. He therefore urges that his conviction be set aside, citing *State v. Huff*, 469 A.2d 1251 (Me.1984).

We note that no objection to the jury instructions was made at the trial below. This distinguishes, at the very outset, the instant instructions from those complained of in *Huff, see* 469 A.2d at 1253–54. We therefore review the instructions only to determine whether they constitute "obvious error ... affecting substantial rights," M.R.Crim.P. 52(b). In reviewing for obvious error, we do not place undue emphasis on any one portion of the jury instructions. Rather, we review the instructions as a whole to determine whether "the alleged error 'so tainted the proceedings as to virtually deprive the aggrieved party of a fair trial.'" *State v. Likay*, 458 A.2d 427, 428 (Me.1983) (quoting *State v. Pierce*, 438 A.2d 247, 252 (Me.1981)); *see also Huff,* 469 A.2d at 1253 n. 1.

▮ At the close of trial, the court must instruct the jury as to each element

1. Section 152 provides, in relevant part, that "[a] person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative

of the firmness of the actor's intent to complete the commission of the crime." 17–A M.R.S.A. § 152(1) (1983).

2. Section 201 provides, in relevant part, that "[a] person is guilty of murder if ... [h]e intentionally or knowingly causes the death of another human being...." 17–A M.R.S.A. § 201(1)(A) (1983).

of the offense charged. *State v. Cote,* 462 A.2d 487, 489 (Me.1983); *State v. Earley,* 454 A.2d 341, 343 (Me.1983). In a trial for attempted murder, the court must instruct the jury upon the elements of the target offense, murder, as well as the elements of attempt, as provided in the relevant portions of the Code. In so doing, it is essential that the court clarify any distinctions and resolve any inconsistencies between relevant Code sections. In *Huff* we observed that "it is factually and legally impossible for an individual to intend knowingly to commit the crime of murder," and that jury instructions suggesting the converse "raise ... the possibility of jury confusion and of a verdict based upon impermissible criteria." 469 A.2d at 1253. Nevertheless, error will not automatically flow from a mere recitation of the elements provided in the murder statute. Instead, the propriety of the instructions will depend on the manner in which seemingly conflicting concepts of culpability are resolved and distinguished. *See Earley,* 454 A.2d at 343.

In the case before us, the court instructed the jury, in part, by reciting the elements of murder along with the elements of attempt. Among the statutory elements of murder given by the court was the state of mind "knowingly." Nevertheless, the court resolved any inconsistency by stressing that, in order to find the defendant guilty of the crime of attempted murder, the jury had to find that he attempted to *intentionally* cause the death of another human being. Taken as a whole, the instructions are distinguishable from those given in *Huff,* for implicit in the *Huff* instructions was the suggestion that "knowingly" is a legitimate alternative *mens rea* for the crime of attempt, *see*

*Huff,* 469 A.2d at 1252–53. As we observed in *Huff,*

> [t]hat "knowingly" is a distinct and less purposeful state of mind than "intentionally" is clear by definition, 17–A M.R. S.A. § 35(1)(A) and (2)(A), and is implicit in the formulation of 17–A M.R.S.A. § 34(3). While either mental state may satisfy the murder statute, this does not commend them equally for purposes of the attempt statute.

469 A.2d at 1253. In the present case, the word "knowingly" was used but twice in the context of the attempted murder charge, and in each instance it appeared as part of a recitation of the statutory elements of murder. As such, it was isolated from the remainder of the instruction on attempt. The court repeatedly, and correctly, emphasized the appropriate *mens rea* for attempt. At no time did the court suggest, nor could a jury have rationally inferred, that "knowingly" is an acceptable alternative *mens rea* for the crime of attempted murder. Although the court's recitation of the "knowingly" element was superfluous, we cannot say, under these circumstances, that it so tainted the proceedings as to deprive the defendant of a fair trial, *see Likay,* 458 A.2d at 428; *Pierce,* 438 A.2d at 252.

The entry is:

Judgment affirmed.

All concurring.