**STATE of Maine**

v.

**Hillard S. HARDY.**

Supreme Judicial Court of Maine.

Argued Jan. 24, 1985.

Decided March 25, 1985.

Michael E. Povich, Dist. Atty. (orally), Jane Eaton, Asst. Dist. Atty., Ellsworth, for plaintiff.

Vafiades, Brountas & Kominsky, Jeffrey L. Hjelm (orally), Lewis V. Vafiades, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Hillard Hardy appeals from his conviction, after a jury trial in Superior Court, Hancock County, of arson in violation of

17–A M.R.S.A. § 802 (1983) for setting fire to a restaurant he owned in Orland, Maine. Hardy contends that the evidence was insufficient to support his conviction and that the trial judge committed error on a number of evidentiary rulings. In addition, he contends that the sentence imposed after his conviction was illegal. We affirm the judgment of conviction, but vacate the sentence imposed.

■ Upon the evidence at trial the jury could find the following facts beyond a reasonable doubt. On January 24, 1982, at 10:30 p.m., a passerby discovered smoke emanating from the vestibule of the Captain's Table restaurant in Orland, Maine. Orland Fire Chief John Barlow and members of the Orland Fire Department determined that the building's doors and windows were secure, and that there were no tracks or footprints on the approximately one inch of freshly fallen snow.

An inspection of the building revealed that the fire had started in the basement of the restaurant behind the bar and had spread across the floor before being extinguished by water flowing from a plastic water line which had melted or by a general lack of oxygen in the room. There was a cardboard box beneath the counter behind the bar which contained crumpled newspapers and two plastic bottles which had originally contained a mixture of gasoline and oil. Moreover, the box contained a partially burned candle. The jury could infer that the candle was used as a delay device, which, after burning down to the level of the crumpled newspapers in the box, would set the newspapers on fire and, in turn, would melt the plastic bottles filled with gasoline.

The jury also could find that after paying off obligations, Hardy would net over $100,000 on his $200,000 insurance coverage. Although Hardy was "land-rich," he had substantial debts and little liquidity. Moreover, there was testimony allowing the jury to find that Hardy's health was poor, his sons did not like the business, and that he wished to sell the restaurant and go back to his career as a yacht captain or marine consultant. Furthermore, the jury could conclude that Hardy's discontent with the operation was exacerbated in January, 1982, when he foreclosed on one Jeffrey Bennett, who had bought the restaurant and had left the building in a state of disrepair.

The evidence also showed that Hardy had ample opportunity to burn the restaurant. He admitted having been on the premises on the morning of the fire. Although he testified that he and his sons had left Orland at 10:30 a.m. bound for Kittery, the jury could infer that the delay device, coupled with the fact that the fire never matured into a full blaze, delayed discovery until later that evening.

Finally, there was evidence that a few days before the fire Hardy removed from the building a desk he made in high school and several autographed photographs of hockey players. This evidence permits the inference that the defendant, having decided to burn his property, removed items of great personal value from the building, leaving items of monetary value behind.

### I.

Hardy raises numerous issues in an attempt to demonstrate that the evidence was insufficient to support the verdict. A verdict will be vacated only if, viewing the evidence in the light most favorable to the State, a fact finder could not rationally have found the essential elements of the crime beyond a reasonable doubt. *State v. Brown*, 479 A.2d 1317, 1318 (Me.1984). A conviction based on circumstantial evidence is not for that reason less conclusive. *State v. McKenney*, 459 A.2d 1093, 1096 (Me.1983); *State v. LeClair*, 425 A.2d 182, 184 (Me.1981).

Hardy points out that undetected access to the restaurant premises was easily gained through the front enclosure by unscrewing a hasp on the door or lifting off a fiberglass panel. He also argues that it was impossible to determine from the evi-

dence presented when the candle was lit since its original length was unknown. Moreover, because Hardy knew the plumbing configuration of the building, he contends that he would not have set the fire beneath a section of PVC piping. Hardy also maintains that the evidence demonstrated a great deal of animosity between himself and Bennett who had been forced to relinquish the restaurant to Hardy because he, Bennett, had defaulted on the purchase price. In fact, Bennett was claimed to have threatened to burn the building rather than return it to Hardy. Hardy also argues that his cooperation with the investigating officials and his admission to the officials that he had been in the building on the morning of the fire demonstrated innocence.

Hardy contends that the cumulative effect of these points, as well as others in the record, compels a reasonable doubt as to his guilt. After carefully reviewing the record, however, we conclude that sufficient evidence was presented to permit the jury rationally to find the defendant guilty beyond a reasonable doubt.

## II.

Hardy contends that the trial judge committed reversible error on a number of evidentiary rulings. Although we disagree, we feel that the trial judge's exclusion of experimental evidence offered by the defense warrants discussion.

Hardy attempted to submit evidence of an experiment concerning the burn-rate of a candle conducted by Hardy and a friend of his at the Hardy's home. The experiment consisted of simply burning a household candle and timing the rate at which it burned down the wax. The State had offered similar evidence through two expert witnesses, one testifying to a burn-rate of candles generally, the other testifying that too many variables were involved.

■■■ The results of experiments are admissible if they are conducted under circumstances which bear a "substantial similarity" to those surrounding the event placed in issue at trial. *See Sucrest Corporation v. M/V Jennifer*, 455 F.Supp. 371, 385 n. 22 (D.Me.1978); *Poulin v. Bilodeau*, 161 Me. 306, 311, 211 A.2d 547, 550 (1965). "[I]n some cases a high degree of similarity may not be attainable, yet the evidence nonetheless may be enlightening to the jury." *Stumbaugh v. State*, 599 P.2d 166, 170 (Alaska 1979). Further, any variation between the actual and experimental conditions is a factor affecting the weight of the evidence, rather than its admissibility. *Id.*[1]

The State argues that evidence of the experiment of burning the candle was properly excluded because there could not be similarity of conditions, and neither the defendant nor his friends who purportedly conducted an experiment at home on "similar" candles were experts. Moreover, there was no evidence available on the original length of the candle.

■■■ We believe that the trial judge erroneously excluded the experimental evidence offered by Hardy. Drawing on the analysis set forth in footnote one, we find it difficult to question the validity of the experiment. No evidence was offered suggesting that the home experiment was performed by using other than scientifically acceptable methods. Certainly, little or no expertise is required to determine the burn-rate of a candle. All that is required is a timer and a measuring device.

---

1. One commentator suggests that:
   Past confusion stems from a failure to distinguish clearly the validity of an experiment from its relevancy. Validity is determined by the evaluation of an experiment as scientific inquiry and is based on intrinsic assurances of accuracy found in a scientifically acceptable experiment. Relevancy, on the other hand, is the determination of the utility of the experiment as evidence, a measure of the pertinence of the results to the factual issues in the law suit.
   *Comment, Validity and Relevancy Analysis: An Approach to the Admission of Experimental Evidence*, 26 Me.L.Rev. 273, 276 (1974).

The State's evidence on the burn-rate of a candle was conflicting. A state fire investigator testified that as a "rule of thumb," a ¾ inch candle burns at the rate of one inch per hour. A chemist testified, however, that there were too many variables involved to arrive at a rule of thumb. The defense was entitled to rebut that testimony with its own evidence on the matter. The experiment described in the offer of proof by defense counsel would have been probative on that point. The question as to the similarity of conditions applied equally to the State's rule of thumb, as did the fact that the original length of the candle used in the delay device was unknown. These were factors for the jury to consider in weighing the evidence before it.

Although we conclude that the trial judge committed error by excluding defense experimental evidence after admitting the State's testimony, we are unable to determine that the error was prejudicial because of the insufficient offer of proof. *See* M.R.Evid. 103(a). We cannot determine that the experiment produced a result significantly at variance from the State's "rule of thumb" because the offer of proof did not disclose that result. We conclude, therefore, that Hardy has not established grounds for relief on appeal.

### III.

■■■ Hardy contends that his sentence is illegal because the trial judge sentenced him under statutes in effect at the time of sentencing, rather than sentencing him under the statutes in effect at the time of the offense. We agree. Punishment is incurred at the time of the wrongful act, as opposed to when ultimate liability for the act is imposed. Thus, the wrongdoer must be punished pursuant to the law in effect at the time of the offense. *See State v. Alley,* 263 A.2d 66, 68–69 (Me.1970); 1 M.R.S.A. § 302 (1979).[2] We therefore vacate the entire sentence to afford the sentencing judge maximum flexibility in resentencing due to the interrelated components of the sentence imposed. *See State v. Bunker,* 436 A.2d 413, 419 (Me.1981); *cf. State v. Kee,* 398 A.2d 384, 387 (Me.1979) (illegality in amount of fine constitutes severable part of sentence).

Hardy also objects to the amount of the attorney's fees he was ordered to pay to his insurance company as restitution. Hardy claims that the fees should have been presented to defense counsel or the court in an itemized format. Although we are not convinced that any objection was preserved, because we are vacating the sentence we simply note that 17–A M.R.S.A. § 1204(3) (1983) requires that the defendant have an opportunity to be heard on the conditions of probation and to contest controverted facts at sentencing.

■■■ To meet due process requirements the sentencing procedure must afford a defendant the opportunity to deny or explain information considered in determining the appropriate sentence. *Gardner v. Florida,* 430 U.S. 349, 362, 97 S.Ct. 1197, 1206, 51 L.Ed.2d 393 (1977). The purpose of this requirement is to provide the defendant with an opportunity to dispute inaccuracies in information that is considered in determining the sentence. *See United States v. Leonard,* 589 F.2d 470, 472 (9th Cir.1979). We do not suggest that the rules of evidence must be followed. M.R. Evid. 1101(b)(3) provides otherwise. Hearsay evidence and various forms of evidence that would be inadmissible in a regular judicial proceeding are expected to guide the court in the imposition of sentence. 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 32.5 at 251 (1967). However, for purposes of review, the record should reflect the judge's factual conclusions with respect to controverted facts. *See, e.g.,* M.R.Crim.P. 32(a)(3). Furthermore, the trial judge's rulings on requests for more detailed informa-

---

**2.** 1 M.R.S.A. § 302 (1979) provides in pertinent part:

The repeal of an Act or ordinance does not affect any punishment, penalty or forfeiture incurred under the Act or ordinance repealed.

tion are reviewable only for abuse of discretion.

The entry is:

Judgment of conviction affirmed.

Sentence vacated.

Remanded to the Superior Court for imposition of sentence consistent with the opinion herein.

All concurring.