**STATE of Maine**

v.

**Gordon LONGLEY.**

Supreme Judicial Court of Maine.

Argued March 13, 1985.

Decided March 26, 1985.

Gene Libby, Dist. Atty., Pamela Knowles Lawrason, Sp. Asst. Dist. Atty. (orally), David Gregory, of counsel, Alfred, for plaintiff.

Titcomb, Fenderson & Knight, Edward J. Titcomb (orally), Flaherty & Flaherty, Kevin S. Flaherty, Sanford, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

Defendant Gordon Longley appeals the decision of the Superior Court (York County) convicting him of manslaughter, 17-A M.R.S.A. § 203(1)(A) (1983). Defendant argues on appeal that the Superior Court justice who heard the case without a jury failed to follow our instructions after the remand of this case in *State v. Longley,* 483 A.2d 725 (Me.1984) (*Longley I*), and that in any event there was insufficient evidence to convict him of manslaughter.

The trial justice made findings of fact after remand similar to those he rendered prior to the first appeal. Based on those findings he concluded that Longley's conduct "involved a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation," and that thus defendant was guilty of manslaughter. The trial justice did not err in producing a second set of factual findings that mirrored his original ones. Indeed, such was the likely result since no new evidence was taken after the case was remanded. On remand the trial justice abandoned any *per se* rule such as we held to be inappropriate in *Longley I,* 483 A.2d at 731–32, and employed the correct legal standard in determining Longley's guilt. We have carefully examined the trial record and hold that, from the evidence viewed in the light most favorable

to the State, a trier of fact could rationally have found beyond a reasonable doubt that Longley was guilty of manslaughter. *See State v. Brown,* 479 A.2d 1317, 1318 (Me. 1984).

The entry is:

Judgment affirmed.

All concurring.