**STATE of Maine**

v.

**Gene S. BURNS.**

Supreme Judicial Court of Maine.

Argued June 13, 1989.
Decided July 10, 1989.

Janet Mills, Dist. Atty., Craig Turner, Asst. Dist. Atty., and Joseph O'Connor (orally), Law Student, Auburn, for the State.

Julian Sweet and Paul Macri (orally), Berman, Simmons & Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Gene S. Burns appeals from a judgment of the Superior Court (Androscoggin County, *Lipez, J.*) entered on a jury's verdict finding him guilty of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983), and assault, *id.* § 207 (1983). On appeal, Burns, through new counsel, contends that (1) the Superior Court's erroneous instructions to the jury constitute reversible error; (2) the State improperly examined the child victim with leading questions so as to deprive him of a fair trial; (3) the evidence is insufficient to support the verdict; and (4) he received ineffective assistance of counsel at the trial. Because we agree with Burns' first contention, we vacate that portion of the judgment entered on the count charging unlawful sexual contact.

The presiding justice instructed the jury on unlawful sexual contact according to the 1985 amendment of 17–A.M.R.S.A. § 251(1)(D) rather than the narrower defi-

nition provided by the statute in force at the time of the alleged offense.[1] After defining "sexual contact" to include "any touching ... for the purpose of causing bodily injury or offensive physical contact," the presiding justice defined "bodily injury" as "physical pain, physical illness or any impairment of physical condition;" and "offensive physical contact" as

> something less than bodily injury. It requires ... more than merely touching a person. It includes striking, slapping, shoving, grabbing and similar acts that are an interference with or harassment of the person so contacted. It is subjecting the victim to bodily contact that was done in such a manner as would reasonably be expected to violate the person or dignity of the person in contact.

Because Burns failed to object to these instructions when they were given at trial, we review them for obvious error and thus inquire whether "there exists a 'reasonable possibility' that a complete and adequate instruction would have resulted in a different verdict." *State v. Michaud*, 473 A.2d 399, 404 (Me.1984).

To convict Burns under the applicable 1980 statute, the jury must have found that he touched the victim "for the purpose of arousing or gratifying sexual desire." 17–A M.R.S.A. §§ 251(1)(D) & 255 (1983). This specified intent was an essential element of unlawful sexual contact as then defined. *State v. Day*, 538 A.2d 1166, 1169 (Me.1988). The erroneous jury instruction created a reasonable possibility that the jury found the touching to be for the purpose of causing offensive physical contact and thus based its verdict on an erroneous conception of the law. *Id.* For this reason, the unlawful sexual contact conviction cannot stand.

Because we find that Burns' other contentions are without merit, we decline to address them here.

---

1. The following emphasized portion of 17–A M.R.S.A. § 251(1)(D), not applicable to the present case but included in the court's instructions, was added in 1985:

    D. "Sexual contact" means any touching of the genitals or anus, directly or through cloth-

    ing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire *or for the purpose of causing bodily injury or offensive physical contact.*

**570**

The entry is:

Judgment of conviction on Count I affirmed. Judgment of conviction on Count II vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.