### STATE of Maine

v.

### Stephanie McKINNEY.

Supreme Judicial Court of Maine.

Argued March 7, 1991.

Decided March 28, 1991.

Michael E. Carpenter, Atty. Gen. and Garry L. Greene (orally) Asst. Atty. Gen., Augusta, for the State.

Paul F. Macri (orally), Berman, Simmons & Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Stephanie McKinney appeals from the judgment of the Superior Court (Cumberland County, *Browne, A.R.J.*) entered on a jury verdict finding her guilty of one count of trafficking in a scheduled drug in violation of 17–A M.R.S.A. § 1103 (1983 & Supp. 1990).[1] Contrary to McKinney's contention, based on the evidence submitted to it, the jury rationally could have found beyond a reasonable doubt every element of the offense charged, and the court properly denied her motion for acquittal. Nor do we find reversible error in the court's denial of McKinney's motion to strike a portion of the testimony of Officer Chase, a witness on behalf of the State. We agree, however, with McKinney's contention that the court erred in its instructions to the jury and vacate the judgment.

At the time of the trial of this matter, the jury heard evidence that McKinney was the driver of an automobile in which the sale of a scheduled drug to an informant, acting under the supervision of the Portland Police Department, had taken place and that she had participated in that sale. The jury also heard evidence that McKinney was an unwitting witness to and took no active part in the transaction and that another occupant of the automobile was the person who spoke with the informant and sold him the drug. In its charge to the jury, the court, after instructing on the elements of trafficking in a scheduled drug, instructed on the requirements of voluntary conduct and the elements of accomplice liability, tracking the language of 17–A M.R.S.A. §§ 31(1)–(2) (1983)[2] and 57(1), (2)(C), (3)(A) (1983).[3] Pursuant to

---

**1.** 17–A M.R.S.A. § 1103 provides in pertinent part that "[a] person is guilty of unlawful trafficking in a scheduled drug if he intentionally or knowingly traffics in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug."

**2.** 17–A M.R.S.A. § 31(1) & (2) provide:
   1. A person commits a crime only if he engages in voluntary conduct. Voluntary conduct includes an act or a voluntary omission.
   2. An omission is voluntary only if the actor fails to perform an act of which he is physically capable and which he has a legal duty and an opportunity to perform.

**3.** 17–A M.R.S.A. § 57(1), (2)(C) and (3)(A) provide:
   1. A person may be guilty of a crime of it is committed by the conduct of another person for which he is legally accountable as provided in this section.
   2. A person is legally accountable for the conduct of another person when:
   . . . .

M.R.Crim.P. 30(b), McKinney made a timely objection to the court's instruction on voluntary conduct, which the court denied. A judgment of conviction was entered, pursuant to the jury's verdict, from which McKinney appeals.

McKinney contends that on the evidence in this case the instruction, tracking the language of subsections 31(1) and (2) on criminal liability arising from a voluntary omission based on a legal duty to act, was error. She argues, as she did before the trial court, that she had no legal duty to act in this case and the refusal of the court to so instruct the jury allowed the jury to find her guilty as an accomplice in the commission of the charged offense by failing to act affirmatively to prevent or stop the drug transaction. The State agrees with McKinney, as do we, that in the present case there was no issue generated as to the existence of a legal duty of McKinney to act and that the erroneous instruction raised the possibility of jury confusion and a verdict based upon impermissible criteria. *See State v. Burns*, 560 A.2d 568, 569 (Me.1989). Because we are not persuaded that it is highly probable that the verdict was unaffected by the erroneous instruction, it constitutes error requiring that the judgment be vacated. *State v. Huff*, 469 A.2d 1251, 1253–54 (Me.1984); M.R.Crim.P. 52(a); *see also State v. True*, 438 A.2d 460, 467 (Me.1981).

Although not objected to at the trial by either party, in their briefs both parties state that there was further error in the court's instruction on accomplice liability. In its instruction to the jury, the court tracked the statutory language of section 57, including the second sentence in subsection (3)(A), which specifically addresses an accomplice's liability for any secondary crime committed by the principal. *See State v. Goodall*, 407 A.2d 268, 277–78 (Me.1979) (first and second sentences of

section 57(3)(A) should be read independently; jury should be instructed on substance of second sentence only when there is evidence that defendant intended to promote an uncharged ("primary") crime, and that the commission of the charged ("secondary") crime was a reasonably foreseeable consequence of defendant's participation in the "primary" crime). In the case before us, there was no evidence of any intent to commit a crime other than the charged crime of trafficking in cocaine. Accordingly, we agree with the parties that because there was no "primary" crime to which the charged crime was a secondary, reasonably foreseeable consequence, the second sentence of subsection (3)(A) was erroneously included in the court's instruction on accomplice liability. We do not find such inclusion to be so highly prejudicial as to require that we vacate the judgment on the basis of that instruction. *See State v. True*, 438 A.2d at 467–68; M.R.Crim.P. 52(b). We do, however, encourage the trial court not to track the language of a statute in its instructions without careful consideration of the applicability of the language to the issues generated in the case that are being submitted to the jury.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

C. He is an accomplice of such other person in the commission of a crime, as provided in subsection 3.

3. A person is an accomplice of another person in the commission of a crime if:

A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct.