STATE of Maine

v.

**Dennis WRIGHT.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 20, 1991.
Decided April 11, 1991.

Michael Carpenter, Atty. Gen., Wayne S. Moss, Asst. Atty. Gen., Augusta, for plaintiff.

Philip Notis, South Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Defendant Dennis Wright appeals the judgment imposed on him in Superior Court (York County, *Cole, J.*) for unlawful trafficking in cocaine, 17–A M.R.S.A. §§ 1103(1) & (2)(A), 1101(17), 1102(1)(F) (1983 & Supp.1988). Defendant argues

that his right to due process was violated because he was not informed prior to the sentencing hearing of the court's impending use of particular derogatory information—testimony received at his wife's separate trial for the same crime. We find no due process violation and deny the appeal.

Defendant and his wife, Lynne Wright (Lynne), were charged with drug trafficking after they sold 14.4 grams of cocaine to an undercover agent of the Bureau of Intergovernmental Drug Enforcement. Lynne was found guilty of trafficking by a jury in a trial in which the defendant testified. Defendant entered a guilty plea that was accepted following a Rule 11 proceeding. At the defendant's sentencing hearing, the State argued that he was a regular trafficker, not a beginner. Defendant argued that he was a one time seller. The State introduced two exhibits without objection: defendant's criminal history, showing his continual disregard for the law, and the undercover agent's report, showing defendant was a regular dealer. The State also asked the court to recall the testimony presented at Lynne's trial. When determining the sentence, the court found that defendant was a veteran dealer and probation would not benefit him. It based this finding on the testimony received both at Lynne's trial and at the Rule 11 proceeding and on the two State exhibits. Defendant did not object to the State's suggestion to consider the testimony at Lynne's trial or the court's use of it. Defendant was sentenced to 4½ years; the maximum term allowed under the statute is 10 years. *See* 17–A M.R.S.A. § 1252(2)(B) (1983). Defendant challenges only the legality of the sentencing proceeding.

Defendant argues that he was entitled to have any derogatory information considered by the sentencing court disclosed to him prior to sentencing so that he could have an adequate opportunity for rebuttal. Specifically, he argues, his due process rights were violated when the sentencing court used testimony presented at Lynne's trial because it was not made available to

him. Defendant failed to object at the hearing to the use of the testimony; therefore, we review the record for obvious error. *See* M.R.Cr.P. 52(b).[1]

A sentencing court is "accorded wide discretion when determining what sources and types of information [it] will consider when imposing sentence." *State v. Rosa,* 575 A.2d 727, 730 (Me.1990). To meet due process requirements, "the sentencing procedure must afford defendant the opportunity to deny or explain information considered in determining the appropriate sentence...." *State v. Hardy,* 489 A.2d 508, 512 (Me.1985). The guiding principle for the court in deciding both the information to use and how that information is to be presented is "that a sentence must be based on reliable factual information." *State v. Dumont,* 507 A.2d 164, 167 (Me. 1986).

Here, the State asked the court to consider testimony given under oath in Lynne's trial to demonstrate that defendant was a seasoned drug trafficker. Defendant, present at the hearing, did not protest the court's use of the testimony nor did he dispute the factual reliability of the information. The information "assisted the court in making an individualized assessment of the defendant's rehabilitative prospects as well as the need to protect society" and there is no suggestion that the court used the information improperly (e.g., punishing defendant for unproven crimes). *See Dumont,* 507 A.2d at 168 n. 2. The testimony was factually reliable, defendant had the opportunity to explain or deny it and it was within the court's discretion to consider it. The court committed no error, let alone any obvious error.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** The alleged infirmity appears plainly on the record and is cognizable on direct appeal. *See State v. Dumont,* 507 A.2d 164, 166 (Me.1986) (appeal cognizable: defendant claimed his right

to confrontation and due process had been violated because the sentencing court considered affidavits and the record showed the court did use the affidavits).