1997 ME 6

**STATE of Maine**

v.

**Emile COLLIN.**

Supreme Judicial Court of Maine.

Argued Oct. 1, 1996.

Decided Jan. 8, 1997.

John M. Pluto, Deputy District Attorney, Caribou, ME, for the State.

William J. Smith, Van Buren, ME, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ., and ARCHIBALD, A.R.J.

DANA, Justice.

[¶ 1]  Emile Collin appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) following a jury trial finding him guilty of theft. Because we agree with Collin's contention that the Superior Court did not have subject matter jurisdiction over Collin's alleged theft by receiving stolen property, we vacate the conviction and remand for a new trial.

[¶ 2]  In the spring of 1994 Fraser Paper Limited ("Fraser") began disposing of scrap metal that had accumulated in a storage yard at its Madawaska mill. Fraser assigned John Paul Cyr to oversee the disposal project and to designate material for removal. Gallant Enterprises ("Gallant"), a trucking company located in Edmundston, New Brunswick, hauled away the material slated for removal. Among the materials at Fraser's scrap yard were several large, heavy, brass pumps. Fraser wanted to keep the pumps for replacement parts. During the cleanup, Collin, a Fraser employee, visited the scrap yard and spoke with Cyr and Yvon Dufour, Gallant's truck driver, about the pumps and remarked that they were "worth some money." On another visit to the yard, Collin ran a file across one of the pumps, removing the

tarnish and revealing the brass color beneath. Cyr informed Collin and Dufour that the pumps were to remain in Fraser's scrap yard. On May 24, 1994, Dufour loaded one of the brass pumps on the Gallant truck, piled other scrap material on top of it, and drove out of the yard. Cyr knew that Dufour had loaded the pump and was present when Dufour left the yard but he did nothing to stop Dufour from taking the pump.

[¶ 3]  Although Collin did not testify at trial, the State introduced testimony of Fraser employees who were present with Collin at several meetings held at Fraser's mill shortly after Dufour removed the pump from the scrap yard. According to Collin's account of events during the meetings, Dufour drove the pump to Edmundston but never took it to Gallant's yard. Instead, Dufour called Collin at his home near Edmundston and asked if he could sell the pump in exchange for half of the sale proceeds. According to Collin's statements to a police officer on May 30, 1994, Collin rented a U–Haul and drove the dismantled pump to Quebec, where he sold it to a scrap dealer for $5,813.58; he then returned to the Fraser mill in Madawaska and gave Cyr $200 for allowing the removal of the pump from Fraser's yard.

[¶ 4]  The Aroostook County grand jury indicted Collin on the charge of theft by obtaining or exercising unauthorized control over property having a value over $5,000, in violation of 17–A M.R.S.A. § 353 (1983). During the trial the State requested, pursuant to 17–A M.R.S.A. § 351 (1983),[1] that the jury be instructed on two types of theft: theft by unauthorized taking and theft by receiving stolen property. Collin objected to the instructions on theft by receiving stolen property on the ground that all parts of that offense took place in Canada and the court therefore lacked subject matter or territorial jurisdiction pursuant to 17–A M.R.S.A. § 7 (1983).[2] Collin also argued that the court

---

1.  17–A M.R.S.A. § 351 (1983) provides in pertinent part:

> An accusation of theft may be proved by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the information or indictment, subject only to the power of the court to ensure a

fair trial by granting a continuance or other appropriate relief if the conduct of the defense would be prejudiced by lack of fair notice or by surprise....

2.  17–A M.R.S.A. § 7 (1983) provides in pertinent part:

was required to instruct the jury that it must find beyond a reasonable doubt that the crime occurred in Maine. The court instructed the jury on both types of theft but did not inform the jury that it had to find the offense occurred in Maine. Instead, the court determined that the State had proved territorial jurisdiction beyond a reasonable doubt pursuant to 17–A M.R.S.A. § 7 and the jury did not need additional instructions regarding the location of the offense. The jury found Collin guilty of theft, but did not specify which type of theft Collin committed.

## I.

[¶ 5] Collin first contends that the trial court erred by failing to instruct the jury that it had to find beyond a reasonable doubt that an element of the offense of theft by receiving stolen property occurred in Maine. He argues that the court should not have made the determination that it had jurisdiction over the receiving charge because the existence of territorial jurisdiction is a factual matter to be decided by the jury.

[¶ 6] Maine's territorial applicability statute, 17–A M.R.S.A. § 7(1)(A) (1983), provides that a person can be convicted of a crime only when the State proves beyond a reasonable doubt that "[e]ither the conduct which is an element of the crime or the result which is such an element occurs within this State or has a territorial relationship to this State...." Territorial jurisdiction should be decided by the jury when there is a question of fact regarding where the crime occurred, but can be determined by the court when the determination does not require resolution of a factual dispute. *See, e.g., State v. Willoughby,* 181 Ariz. 530, 892 P.2d 1319, 1327 (1995); *cert. denied,* —— U.S. ——, 116 S.Ct. 725, 133 L.Ed.2d 677 (1996); *State v. Lig-*

*gins,* 524 N.W.2d 181, 184 (Iowa 1994). *Cf. State v. True,* 330 A.2d 787, 791 (Me.1975) (court, not jury, decides questions concerning venue and territorial jurisdiction of a grand jury).

[¶ 7] The court did not err by making this determination itself. The uncontroverted evidence presented at the trial showed that Dufour contacted Collin in Canada and Collin dismantled the pump and sold it there. The only question for the court was whether these facts satisfied the requirements of 17–A M.R.S.A. § 7, not whether those acts occurred within Maine's borders. The existence of jurisdiction was a legal issue for the court rather than a factual question for the jury.

## II.

[¶ 8] Collin next contends that the trial court erred when it found it had territorial jurisdiction over the theft by receiving charge. We agree. Collin's conduct did not have a territorial relationship to the state and no conduct or result that was an element of the offense occurred in Maine.

[¶ 9] The trial court found that it had jurisdiction over the theft by receiving charge because Collin's conduct and its result had a "territorial relationship" to the state as defined by section 7(4). Section 7(1)(A) provides that a person can be convicted of a crime in Maine only if "[e]ither the conduct which is an element of the crime or the result which is such an element occurs within this State or has a territorial relationship to this State." Pursuant to subsection (4), conduct or a result has a territorial relationship to the State:

---

1. Except as otherwise provided in this section, a person may be convicted under the laws of this State for any crime committed by his own conduct or by the conduct of another for which he is legally accountable only if:
   A. Either the conduct which is an element of the crime or the result which is such an element occurs within this State or has a territorial relationship to this State....

4. Conduct or a result has a territorial relationship to this State if it is not possible to

determine beyond a reasonable doubt that it occurred inside or outside of this State, because a boundary cannot be precisely located or the location of any person cannot be precisely established in relation to a boundary, and if the court determines that this State has a substantial interest in prohibiting the conduct or result....

5. The existence of territorial jurisdiction must be proved beyond a reasonable doubt.

if it is not possible to determine beyond a reasonable doubt that it occurred inside or outside of this State, because a boundary cannot be precisely located or the location of any person cannot be precisely established in relation to a boundary, and if the court determines that this State has a substantial interest in prohibiting the conduct or result.

[¶ 10] The trial court reasoned that Maine had a substantial interest in prohibiting Collin's conduct because the result of his conduct was to deprive a Maine entity of its property and because Collin was an employee at Fraser's Maine mill. The court's application of the territorial relationship provision of section 7(4) was not appropriate here because there was no dispute about the location of a boundary or where Collin's acts occurred. The state's substantial interest in prohibiting the conduct is not sufficient by itself to support a finding of a territorial relationship; there must also be a reasonable doubt about the location of a boundary or the location of a person in relation to a boundary for section 7(4) to come into play. Because there was no such dispute here, the court was incorrect when it concluded that jurisdiction over the theft by receiving stolen property charge was based on a territorial relationship.

[¶ 11] The State argues that the trial court could have properly found territorial jurisdiction based on section 7(1)(A). Although the court concluded that the ultimate result of the theft was to deprive a Maine company of property, that result is not an element of the receiving stolen property charge. The "result" of the crime may be relevant to territorial jurisdiction only when the result is an element of the offense. 17–A M.R.S.A. § 32 (1983) defines an "element of the crime" to be "the forbidden conduct; the attendant circumstances specified in the definition of the crime; the intention, knowledge, recklessness or negligence as may be required; *and any required result.*" (Emphasis added.) The definition of theft by receiving stolen property provided in 17–A

M.R.S.A. § 359, however, does not require a result as an element of the offense. It provides: "A person is guilty of theft, if he receives, retains or disposes of the property of another knowing that it has been stolen, or believing that it has probably been stolen, with the intention to deprive the owner thereof." 17–A M.R.S.A. § 359(1) (1983). Because the elements of theft by receiving stolen property provided in section 359 do not include a required result, the fact that Collin's conduct may have resulted in a loss to a Maine entity is irrelevant for purposes of establishing territorial jurisdiction pursuant to 17–A M.R.S.A. § 7(1)(A). In addition, because Collin received the stolen pump in Canada, dismantled it there, and disposed of it in Quebec, none of Collin's conduct that would be an element of theft by receiving stolen property occurred in Maine.[3] Because no conduct or result that is an element of theft by receiving stolen property occurred in Maine, there is no basis for territorial jurisdiction over the theft by receiving charge.

[¶ 12] When evidence presented at trial does not raise the possibility that the defendant committed the elements of a charged offense, instruction on those elements is erroneous if it creates the potential for "jury confusion and a verdict based on impermissible criteria." *State v. McKinney*, 588 A.2d 310, 312 (Me.1991) (citation omitted). Here, the jury may have based its conviction on the charge of theft by receiving or on the charge of theft by unauthorized taking. Because the jury may have based its guilty verdict on a charge over which the Superior Court lacked subject matter jurisdiction, we must vacate the judgment and remand for a new trial on the charge of theft by unauthorized taking.

[¶ 13] The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

---

3. The plain language of section 359 contains no requirement that the property received by the

defendant be stolen in fact.