STATE of Maine

v.

John BARRY.

Supreme Judicial Court of Maine.
Argued May 2, 1985.
Decided July 15, 1985.

Michael E. Povich, Dist. Atty., Sophie L. Spurr, Asst. Dist. Atty. (orally), Ellsworth, for plaintiff.

Silsby & Silsby, Raymond Williams (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Defendant John Barry appeals his conviction, entered after a jury trial in Superior Court (Hancock County), of the Class A crime of arson. 17–A M.R.S.A. § 802(1)(A) (1983). In addition to asserting the insufficiency of the evidence to tie him to the crime, defendant contends that during trial the prosecutor and the presiding justice made impermissible comments in regard to identification of the accused and that the jury instruction improperly singled him out for comment on his special interest in the outcome of the proceeding. Finding no reversible error, we affirm.

### I.

■ The standard to be applied to determine whether evidence is sufficient to support a jury's conviction is whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Lovejoy*, 493 A.2d 1035, 1037 (Me.1985). Defendant does not dispute the overwhelming evidence that the fire in his former home was intentionally started. On appeal he contests only the sufficiency of the evidence to prove that it was he who set the fire.

■ At about 7:00 a.m. on February 21, 1982, two passersby noticed a fire on the doorstep of defendant's former home, then unoccupied. As they watched, a man whom the passersby identified at trial as defendant came out of the bushes near the house and assured them that everything was all right. At about 1:20 p.m. on the same day, a neighbor noticed smoke coming out of the house and called the fire department. The firefighters on responding found and extinguished a slow, smoldering fire. At trial a state fire marshal gave his expert opinion that the fire could have been smoldering for several hours. Thus, the jury could reasonably infer that the fire that the passersby saw in the morning was the same one that was extinguished in the early afternoon. The State also presented evidence that defendant was bitter over the loss, through divorce and financial difficulties, of the house that he had largely built with his own hands, thus suggesting a potential motive for the arson. Without the slightest doubt, the evidence of record was sufficient for the jury rationally to decide, as it did, that it was defendant who set the fire.

### II.

■ Defendant next contends that comments made by the prosecutor and by the judge in the course of the trial were unfairly prejudicial to him. The remarks in question were intended to preserve for the record two witnesses' in-court identification of defendant, and consisted of the prosecutor's statement: "Let the record reflect the witness is referring to the defendant, John Barry," and the presiding justice's similar observation, "[t]he record will reflect the witness has pointed to the defendant, John Barry." Defendant asserts that those two statements improperly "highlighted" the identification testimony in the minds of the jury. At trial, however, defendant failed to object to either of the statements, and so we review the record only for "obvious error affecting substantial rights." *State v. True*, 438 A.2d 460, 467–69 (Me.1981). We find no error at all in either of the challenged statements, least of all any obvious error. Both were neutral observations that added no force to the in-court identification of defendant; they were reasonably calculated to make a record of the fact that the witnesses had indicated defendant as the person to whom they were referring. The statements made to preserve for the record the in-court identifications were not of the conclusory nature

condemned in *State v. Guptill,* 481 A.2d 772, 774–75 (Me.1984).

## III.

Defendant argues finally that it violated his right to due process of law for the presiding justice, after giving instructions to the jury regarding the credibility of witnesses generally, to reiterate those instructions with respect to defendant only. The justice, having once instructed the jurors with regard to their exclusive role in determining the credibility, bias, interest, prejudice, and so on, of each witness, stated that defendant's testimony should be treated like that of any other witness, and was subject to consideration of his interest in the outcome of the prosecution. The justice also told the jurors that if they believed defendant had knowingly testified falsely as to any material point of fact, the jurors had the right to distrust his testimony in other particulars. The justice had earlier given that same charge in regard to witnesses generally.

■ Jury instructions "must be reviewed as a whole, taking into consideration the total effect created by all the instructions and the potential for juror misunderstanding." *State v. Cote,* 462 A.2d 487, 490 (Me.1983). Upon reviewing the instructions given in the case at bar and considering them as a whole, we do not find any error. The charge correctly informed the jury of the applicable law and worked no unfair prejudice to defendant.

The presiding justice in his charge to the jury made no suggestion that defendant's testimony was false, or that it should be judged by any standard different from that applied to the testimony of any other interested witness. The portion of the charge to which defendant objects was both prefaced with, and followed by, the statement that defendant's testimony should be treated like that of any other witness. The instructions made no specific reference to any evidence in the case, nor did they, by their terms, imply that defendant was not to be believed. The justice repeatedly emphasized to the jurors that they were the sole triers of the facts, that the State bore the burden of proving every element of the crime beyond a reasonable doubt, and that defendant must be accorded the benefit of the presumption of innocence. The presiding justice also made clear to the jury that nothing in the instructions was to be taken as an indication of his opinion regarding defendant's guilt or innocence. In sum, any implication arising from the mere separateness of the statements regarding defendant's credibility that his testimony should be more closely scrutinized than that of other witnesses was overcome by the remaining parts of the charge to the jury and did not result in any unfair prejudice to defendant. *See Commonwealth v. Edgerly,* 390 Mass. 103, 110, 453 N.E.2d 1211, 1216 (1983) (comment to a jury on the consequences of a criminal defendant's lying in the course of his testimony held not error in context of the whole charge).

Appellant thus fails to persuade us that the presiding justice committed any error in instructing the jury in regard to defendant's testimony. We are nonetheless left with the conviction that the kind of instruction challenged here, which unnecessarily singles out the accused for a reiteration of the standards for evaluating his testimony, carries some risk of infringing upon the exclusive factfinding province of the jury, and of making a defendant less likely to exercise his constitutional right to testify on his own behalf. Furthermore, considerations of judicial economy suggest that trial judges should avoid the use of an instruction that adds little, if anything, to the jury's understanding of its task, but risks an appeal in which the Law Court will be required to appraise the net effect of the whole instruction in each particular case. For those reasons, although such an instruction when read in its complete context may well survive attack in most instances, it should be avoided in favor of the customary general instruction applicable to all witnesses. *See id.;* E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions*

§ 17.12, at 549 (1977) ("It is preferable not to single the defendant out by an instruction referring to his interest in the outcome of the case"). *See also United States v. Standing Soldier,* 538 F.2d 196, 204 (8th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 30 L.Ed.2d 627 (1976); *see generally* Alexander, *Manual of Jury Procedures and Instructions for Maine,* comment to instruction 130, at 76 (1985) (avoid special focus instructions when comprehensive general instruction has been given), and cases cited therein.

The entry is:

Judgment affirmed.

All concurring.