**STATE of Maine**

v.

**Wayne S. ROBBINS.**

Supreme Judicial Court of Maine.

Argued March 5, 1986.

Decided March 25, 1986.

Michael Povich, Dist. Atty., Jane M. Eaton (orally), Asst. Dist. Atty., Ellsworth, for the State.

Libhart & Ferm, William N. Ferm (orally), Ellsworth, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

■ Wayne S. Robbins appeals his conviction in Superior Court, Hancock County, of operating a motor vehicle after being adjudicated an habitual offender, 29 M.R. S.A. § 2298 (Supp.1985). Robbins first challenges the court's denial of his motion to suppress on the ground that there was an insufficient articulable suspicion to warrant the stop of his vehicle. Because the trial justice's finding that the police officer had the requisite articulable suspicion is supported by the record, we conclude that the motion to suppress was properly denied. *See State v. Thurlow,* 485 A.2d 960, 963 (Me.1984).

■ Defendant next contends that the court improperly admitted hearsay evidence to establish his date of birth. M.R. Evid. 801(d)(2) provides that an admission by a party-opponent is a statement which is not hearsay. Because the record in this case discloses that Robbins furnished his birthdate to the officer who testified as to that date at trial, the evidence was properly admitted under M.R.Evid. 801(d)(2).

■ Robbins also argues that the court in its final instruction erroneously singled out Robbins' testimony [1] and improperly instructed the jury regarding the State's burden of proving the date of his alleged offense. After reviewing the challenged jury instructions as a whole and taking into consideration the total effect created by them, we find no merit in Robbins' contentions. *Cf. State v. Cote,* 462 A.2d 487, 490 (Me.1980) (charge must be viewed as a whole taking into consideration the total effect created by all the instructions and the potential for jury misunderstanding).

---

1. We note that the trial in this case occurred prior to our decision in *State v. Barry,* 495 A.2d 825 (Me.1985). We adhere to our criticism of the kind of instruction challenged here and in *Barry. Id.* at 827–28.

Robbins' final argument that there was insufficient evidence to support his conviction is also without merit.

The entry is:

Judgment affirmed.

All concurring.