**STATE of Maine**

v.

**Robert FORTIN.**

Supreme Judicial Court of Maine.

Argued June 2, 1987.
Decided June 22, 1987.

David W. Crook, Dist. Atty., William E. Baghdoyan (orally), Asst. Dist. Atty., Augusta, for the State.

Richard M. Goldman (orally), Vandermeulen, Goldman, Allen & O'Brien, P.A., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

The Defendant, Robert Fortin, appeals from a judgment entered in Superior Court, Kennebec County, in October, 1986, convicting him upon a jury's verdicts of burglary, 17–A M.R.S.A. § 401 (1983 & Supp. 1986) and attempted theft by unauthorized taking, 17–A M.R.S.A. § 152 (1983). Upon appeal, he challenges the Superior Court's instructions as to the possible impact of the Defendant's alleged intoxication.

A careful review of the record discloses that the jury was accurately instructed as to how evidence of an accused's intoxication may impact upon his culpable mental state. *See State v. Barrett*, 408 A.2d 1273, 1276 (Me.1979).

The entry, therefore, is:

Judgment affirmed.

All concurring.

**STATE of Maine**

v.

**Andy ACKERMAN.**

Supreme Judicial Court of Maine.

Argued June 10, 1987.
Decided June 23, 1987.

James E. Tierney, Atty. Gen., Amy M. Homans, Asst. Atty. Gen. (orally), Consumer and Antitrust Div., Augusta, Me., for plaintiff.

Michael P. Cantara (orally), Caron & Sullivan, Biddeford, Me., for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

Andy Ackerman appeals from a judgment entered on a jury verdict in Superior Court, York County, convicting him of depraved indifference murder, 17–A M.R.S.A. § 201(1)(B) (1983). We find no merit in Ackerman's first challenge, that the presiding justice committed reversible error in admitting into evidence a prior consistent statement under M.R. Evid. 801(d)(1), in that all of the requirements for the admission of that statement had been met. *See State v. Fredette*, 462 A.2d 17, 22–23 (Me. 1983). We also reject Ackerman's contention that the evidence was insufficient to support his conviction. Viewing the evidence in the light most favorable to the prosecution, the jury rationally could have found beyond a reasonable doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.