**STATE of Maine**

v.

**Joseph SOLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 16, 1988.

Decided Oct. 25, 1988.

Paul Aranson, Dist. Atty., Ann Judd, Asst. Dist. Atty., Portland, for the State.

Michael L. Parker, Murray, Plumb & Murray, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

In the parking lot outside the L.L. Bean store in Freeport, security guards arrested Joseph Soley, who was wearing new moccasins coming from L.L. Bean that he had not paid for. The District Court (Bath; *O'Rourke, J.*) convicted Soley of Class E theft, 17–A M.R.S.A. § 353 (1983), and sentenced him to pay a $250 fine. The Superior Court (Cumberland County; *Brodrick, J.*) affirmed his conviction, as do we.

On the record evidence, viewed in the light most favorable to the State, the trier of fact could rationally find every element of the crime of theft beyond a reasonable doubt. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985). Soley argues, however, that the District Court judge committed reversible error in striking a phrase from Soley's closing argument. Although there was no jury for the judge to mislead by misstating the evidence, Soley contends that by his statement the judge sitting as the factfinder betrayed his own misunderstanding of the evidence. We do not agree that this record shows the judge in fact misunderstood the evidence. But, even if the judge had suffered a momentary lapse in remembering the detail of the testimony, Soley later explained in full the factual predicate of his defense.

Soley testified that, before walking through the main checkout at L.L. Bean's

and paying for his other new acquisitions, he had been wearing the shoes inside the store for about an hour. When in closing argument Soley tried to say that he had "asked for permission to wear the shoes," the trial judge sustained the State's objection, stating that "at no time [in your testimony] did you say that you had asked for and obtained permission." Literally, this was true; Soley had testified that he had permission, but not that he had asked for it.

The court's interruption appears to have been simply an effort to instruct a *pro se* defendant on the impropriety of introducing new evidence during his closing argument. Whether that was all it meant we cannot know because Soley made no request for findings of fact. Even if we interpret the judge's statement as Soley would have us interpret it, however, we see no sign that Soley could have been harmed. After striking Soley's initial statement, the court let him substitute a technically accurate, and far more elaborate, recitation of the disputed part of his testimony. There is no danger that the trial court was weighing in a vacuum the State's description of Soley's conduct at and near the checkout. To the contrary, the net effect of the interruption was to focus the trial judge's attention on the most exculpatory element of Soley's testimony.

The entry is:

JUDGMENT AFFIRMED.

All concurring.