David W. Crook, Dist. Atty., William Baghdoyan (orally), Nancy Mills, Asst. Dist. Attys., Skowhegan, for plaintiff.

William Thomas Hyde (orally), Merrill & Hyde, Skowhegan, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The defendants, Theodore Erving, Beverly Erving, Sonya Erving and Robert Erving, appeal from the judgments of the Superior Court (Somerset County, *Brody, C.J.*), affirming the judgments of the District Court (Skowhegan, *Benoit, J.*), finding the defendants guilty of unlawful possession of deer or parts of deer during a closed season in violation of 12 M.R.S.A. § 7406(1) (1981). Contrary to the defendants' contentions, the trial court had no affirmative duty to inquire concerning their joint representation by a single counsel and the evidence was sufficient to support the convictions. Accordingly, we affirm the judgments.

In support of their first contention, the defendants argue that the fact that two

**STATE of Maine**

v.

**Theodore ERVING et al.**

Supreme Judicial Court of Maine.

Argued May 1, 1989.

Decided May 26, 1989.

male defendants were father and son and the female defendants were their respective wives presented special circumstances similar to circumstances in *State v. Weese*, 424 A.2d 705 (Me.1981), that should have put the trial court on notice of a conflict of interest among the defendants represented by the same counsel. We disagree. In *State v. Pokorny*, 458 A.2d 1212, 1218 (Me. 1983), we stated:

> Under [*Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) and *State v. Weese*, 424 A.2d 705 (Me. 1981) ], ... a defendant's criminal conviction should be overturned [as a violation to the sixth and fourteenth amendments to the United States Constitution] if (1) his lawyer represented one or more co-defendants in addition to the appellant; (2) before the appellant was found guilty the *issue of the lawyer's conflict of interest* was brought to the trial judge's attention or *was so obvious that the judge should have noticed it on his own;* and (3) the trial judge failed to make any inquiry into the extent or degree of the conflict.

*State v. Pokorny*, 458 A.2d at 1218 (footnote omitted) (emphasis added).

In the first instance, we note that throughout the proceedings the issue of a conflict of interest between any one defendant and the co-defendants was not brought to the attention of the trial court. We have never stated that a conflict will be inferred from the fact of joint representation of defendants related by blood or marriage.

In *Weese,* a father and his 14–year–old son, represented by the same counsel, were charged with and convicted of night hunting. *State v. Weese*, 424 A.2d at 707. The record reflected that the father did not take the stand and the defense depended heavily on the testimony of his three sons, including the minor co-defendant. *Id.* at 708. We vacated the judgment against the son. We reasoned that the defendants' "unified defense strategy" was plainly *more advantageous* to the father than his young son and that the son might have been under great pressure to try to protect his father, quite possibly to the detriment of his own defense. We held that these special circumstances should have put the trial court on notice of a conflict of interest. *Id.* at 710–11.

In the instant case, all the defendants were adults at the time the charges were brought, counsel was retained and the matters were tried. At the trial, none of the defendants testified nor were any witnesses offered for the defense of any of the defendants. The defendants' unified defense strategy was not plainly more advantageous to any defendant as opposed to the others. The record in this case does not disclose a divergence between the interests of the respective defendants "so obvious that the judge should have noticed it on his own." *State v. Pokorny*, 458 A.2d at 1218; *see also State v. Wheeler*, 444 A.2d 430 (Me.1982).

■ In reviewing the defendants' contention that the evidence is insufficient to support the findings of the trial court that the defendants were guilty of the charged offenses, we review the record in the light most favorable to the State. The convictions must stand if the trier of fact rationally could have found all of the elements of the offense charged beyond a reasonable doubt. *State v. Chapman*, 496 A.2d 297, 304 (Me.1985). Possession of a physical object may be proved "by showing that the accused at some time bore one of two relationships to the object: he either had immediate physical control ... of the object or knew where it was and had the intention and ability to gain physical control ... of it." *State v. Koehling*, 381 A.2d 12, 14 (Me.1978). Here, the trial court heard evidence that the defendants had been in the car from 2:00 a.m. until stopped by the wardens at approximately 8:00 a.m. during a closed season for deer hunting. The car was owned by Beverly Erving and was being operated by Robert Erving. Theodore Erving had a .12 gauge shotgun on his lap, was sitting on an empty .12 gauge shell and had wet deer blood on his boots. A five-shell box with four .12 gauge, 3–inch buckshot shells was found in Sonya Erving's purse. Wet spots of deer blood and

deer hair were found in the trunk of the car, together with a meat saw and large knives. The saw and some of the knives had deer blood and hair on them. A spotlight and flashlight were found in the car.

This evidence, viewed in the light most favorable to the State, discloses that the trial court rationally could have found beyond a reasonable doubt every element of the offense of illegal possession of deer or deer parts during a closed season for which each of the defendants was found guilty. *State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgments affirmed.

All concurring.