**STATE of Maine**

v.

**Kenneth L. MEADER.**

Supreme Judicial Court of Maine.

Argued Sept. 20, 1989.
Decided Oct. 12, 1989.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Asst. Dist. Atty., Augusta, for plaintiff.

David M. Sanders (orally), Livermore Falls, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Kenneth Meader appeals from a jury verdict in Superior Court (Kennebec County; *Brody, C.J.*) finding him guilty of rape and unlawful sexual conduct. 17–A M.R.S.A. §§ 252 and 255 (1983 & Supp. 1988). The defendant contends that the evidence was insufficient to support the jury verdict and that improperly admitted hearsay evidence prejudiced the jury. In addition, defendant argues that the State's dismissal of a count of the indictment subsequent to trial requires a remand for resentencing. Finding no error, we affirm the judgment.

"The standard to be applied to determine whether evidence is sufficient to support a jury's conviction is whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry*, 495 A.2d 825, 826 (Me. 1985). Contrary to defendant's arguments there is sufficient evidence in the record from which the jury could find every element of the offenses charged beyond a reasonable doubt.

Although he did not object at trial, defendant now challenges as hearsay certain testimony admitted in evidence. In the absence of an objection "defendant's conviction must ... stand unless the receipt of that inadmissible hearsay testimony constituted 'obvious error affecting substantial rights.'" *State v. True*, 438 A.2d 460, 467 (Me.1981). We find no obvious error in this case.

Finally, defendant contends that this case should be remanded for resentencing due to the State's dismissal of count II of the indictment after defendant was sentenced. The indictment returned by the Grand Jury contained three counts: count I-rape, count II-gross sexual misconduct, and count III-unlawful sexual contact. The State elected to proceed to trial only on counts I and III and those counts were referred to during the trial as counts I and II. Defendant was tried and sentenced for rape and unlawful sexual contact, counts I and III. The judgment and commitment form, however, refers to the count of unlawful sexual contact as count II. The State subsequently filed a notice of dismissal of count II, referring to the charge of gross sexual misconduct. There is no occa-

sion for resentencing. Defendant has established nothing more than a harmless clerical error in the judgment and commitment that can readily be corrected. M.R. Crim.P. 50. Upon remand the Superior Court should correct the judgment and commitment to reflect that the charge of unlawful sexual contact is count III.

The entry is:

Judgment corrected, and as corrected, affirmed.

All concurring.