**STATE of Maine**

v.

**Richard IFILL.**

Supreme Judicial Court of Maine.

Argued March 6, 1990.
Decided March 28, 1990.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Joseph M. Jabar (orally), Daviau, Jabar & Batten, Waterville, for defendant.

*Before* McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In this case we find that the Superior Court (Kennebec County, *Lipez, J.*) did not abuse its discretion under M.R.Evid. 403 in permitting the State to ask three witnesses whether they had rejected an opportunity to receive reduced sentences in exchange for their testimony against the defendant. We also find sufficient evidence to support the convictions of possession of cocaine and acting as an accomplice in furnishing cocaine.

■ The defendant objected to the following questions posed to three different state witnesses who had been convicted of charges arising out of the same incidents that produced the charges against him:

1) Is it a fact, sir, that at the time that you pled guilty and received your sentence you were given an opportunity to cooperate with the State and testify against co-defendants and refused to do so?

2) Were you given an opportunity to plead for a certain sentence against co-defendants?

3) Were you offered an opportunity to testify against co-defendants?

The State had called all three witnesses as part of its direct case. The witnesses described circumstances suggesting that the defendant was frequently in their company and was engaged at least as an accomplice in furnishing and selling cocaine. Each witness expressly denied, however, that the defendant knowingly participated in their illicit transactions. The State, therefore, undertook to demonstrate that the witnesses were biased, hostile, and unwilling to testify. There is no question that the State was entitled to impeach the credibility of the witnesses even though it had called them, *see* M.R.Evid. 607. No objection was made to the introduction of the fact that these witnesses had been convicted, *see* M.R.Evid. 609. Because the evidence of plea negotiations was not being offered in an action against these witnesses, the testi-

mony was not precluded by M.R.Evid. 410. Instead, the objections to the testimony are pressed on the basis of relevance and prejudice under M.R.Evid. 402 and M.R.Evid. 403.

Defense lawyers routinely ask state witnesses whether they are testifying in exchange for the promise of a reduced sentence. Such testimony is admitted on the theory that an agreement may show bias in favor of the State and therefore discount the believability of the witness's testimony. *See, e.g., State v. Jobin,* 510 A.2d 527, 529 (Me.1986). Of course it is also possible that such a witness is testifying honestly and has accepted the state-offered benefit because it was consistent with what would have been the testimony in any event. That possibility, however, does not prevent a defendant from raising the potential of bias; resolution of the question whether bias affected the testimony is left to the jury.

The issue here is whether the State can ask a similar question of its own witnesses when it expects a negative answer.[1] As *McCormick on Evidence* 78–79 (2d ed. 1972) says, "friendly feeling toward a party may be evidenced by ... particular conduct or expressions by the witness evincing such feelings." The State persuaded the trial court that these witnesses' refusal to cooperate with the State could demonstrate favor toward the defendant and bias against the State and therefore was appropriate for the jury's consideration.[2] It is also possible, of course, that it showed no such thing. A witness has no obligation to cooperate with the State and a refusal to cooperate may have a number of different explanations, including a witness's desire to testify honestly in a way that does not further the State's goals. Those possibilities, however, should not prevent the jury from considering the possibility of bias, just as the possibility of honesty does not prevent the jury from considering bias in an accepted plea bargain. We think it likely that in most cases, testimony concerning refusal to cooperate with the State has very little probative effect and should ordinarily be excluded by the trial justice under M.R.Evid. 403. But we do not find an abuse of discretion in the court's decision to admit the evidence here.

■ Finally, in light of the defendant's knowledge of his companion's drug dealing, possession of cocaine and practice of selling and furnishing cocaine in bars, the jury could find beyond a reasonable doubt that, by driving his companion to the bars where he distributed such cocaine, the defendant was acting as an accomplice in furnishing cocaine. There was also sufficient evidence from which the jury could rationally conclude beyond a reasonable doubt that the defendant possessed cocaine. *State v. Nason,* 498 A.2d 252, 256 (Me.1985); *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgments affirmed.

All concurring.

**1.** When a defense lawyer asks a state witness the question, it is also possible that he will receive the answer that there has been no plea agreement offered. That possibility does not make the question improper. *United States v. Elliott,* 571 F.2d 880, 910 (5th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978).

**2.** The first witness testified that he refused the offer of a reduced penalty in exchange for his testimony even though he was guilty. The second witness testified that he wanted no part of any deal to cooperate with the State. The third witness testified that he was not offered a more lenient sentence but that he told the State he had nothing to say with respect to testifying against co-defendants.