**STATE of Maine**

v.

**Peter A. ROSA.**

Supreme Judicial Court of Maine.

Argued May 9, 1990.
Decided May. 24, 1990.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for the State.

Paul A. Weeks (orally), Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant Peter A. Rosa appeals his jury conviction in Superior Court (Penobscot County; *Pierson, J.*) for rape pursuant to 17–A M.R.S.A. § 252(1)(B) (1983). Defendant contends that there was insufficient evidence of compulsion to support the conviction. He also argues that he was denied a fair trial because the trial court improperly admitted hearsay testimony and singled out defendant's credibility in a jury instruction. Defendant further challenges the legality of his sentence on the ground that he was not allowed effectively to rebut alleged inaccuracies contained in the presentence and forensic reports. Finding no errors, we affirm the conviction.

The complainant's testimony at trial was as follows: On July 29, 1988, the 17–year old complainant had a flat tire on Interstate 95. As she was driving along the breakdown lane, defendant pulled over in front of her car and backed up, causing her to stop. Defendant offered her a ride to the next exit. She accepted, and they proceeded in the proper direction. Defendant drove past the exit, however, and took the one after it. According to the complainant, despite her repeated requests to be let out of the car, defendant continued driving. Defendant stopped the car on a deserted road and forced her to have sexual intercourse with him. Defendant contends that the sexual intercourse was consensual.

The jury found defendant guilty of rape. For purposes of sentencing, the justice requested a psychological evaluation in addition to the standard presentence report. The report included an allegation filed in May, 1989, that the defendant assaulted a minor in 1986. Upon receipt of the presentence report two days before the sentencing hearing, defendant moved for a continuance in order to obtain a second psychological evaluation and a transcript of the victim's testimony at trial. Defendant argued that the continuance was necessary to address factual inaccuracies in the forensic report. He also specifically requested that the sentencing justice state, on the record, that he would ignore the allegation of assault in the presentence report. The sentencing justice denied defendant's motion for a continuance and sentenced defendant to 18 years with the final 4 years suspended.

█ We reject defendant's argument that there was insufficient evidence to permit the jury to conclude that the victim was compelled to have sexual intercourse with him. "A person is guilty of rape if he engages in sexual intercourse ... [w]ith any person, not his spouse, and the person

submits as a result of compulsion." 17–A M.R.S.A. 252(1)(B) (1983). "Compulsion" is defined as "physical force, a threat of physical force or a combination thereof which makes a person unable to physically repel the actor or which produces in that person a reasonable fear that both serious bodily injury or kidnapping might be imminently inflicted...." 17–A M.R.S.A. § 251(1)(E) (1983 and Supp.1989). The victim testified that defendant ignored her repeated requests to be let out of the car, drove to an isolated area, and took out a buck knife and opened it when she refused to submit to his sexual demands. She stated that she repeatedly but unsuccessfully tried to push defendant away and that he got mad and started yelling at her. The victim also testified that during the sexual act defendant began "choking [her] until [she] couldn't breathe." She described herself as being "really nervous" and "scared."

■ Defendant argues that because the victim stated that she was merely nervous and scared there was insufficient evidence of fear of imminent death or serious bodily injury to support the element of compulsion. However, "[a] finding that a victim was put 'in fear' by the defendant's acts need not rest upon the victim's characterizing himself as having been afraid." *State v. Hagan,* 527 A.2d 1308, 1309 (Me.1987). Furthermore, the fact that defendant began choking the victim after intercourse had begun does not negate its compulsive effect. *State v. Robinson,* 496 A.2d 1067, 1070 (Me.1985) (intercourse begun consensually but continued under compulsion sustains a rape conviction). Under the evidence presented at trial, the jury rationally could find beyond a reasonable doubt that the victim did in fact fear serious bodily injury or death and that such fear was reasonable under the circumstances. *See State v. Barry,* 495 A.2d 825, 826 (Me. 1985); *State v. Ricci,* 507 A.2d 587, 588 (Me.1986) (statutory definition of compulsion sets forth a subjective-objective test requiring that victim in fact have the requisite fear and that that fear be reasonable under the circumstances).

■ Defendant next contends that the repetition by the examining physician of certain statements made to him by the victim was inadmissible hearsay and denied him a fair trial. As defendant failed to object to admission of this testimony at trial, his conviction must stand unless the receipt of that testimony constituted "obvious error affecting substantial rights" such that it had a seriously prejudicial effect upon a jury, producing manifest injustice. M.R.Evid. 103(d); *State v. True,* 438 A.2d 460, 467 (Me.1981).[1] The admission of the testimony in question constituted no error.

The contested portion of the physician's testimony was as follows:

Lisa reported that during that day approximately 12:30 that she had been forced to have sexual relations; and during this episode, she had both been threatened with a knife and also choked by the neck.

Defendant argues that these statements improperly corroborate the victim's testimony that the sexual intercourse was not consensual and that it occurred as the result of compulsion. Defendant, however, ignores the fact that "[s]tatements made for purposes of medical diagnosis or treatment" are not excluded by the hearsay rule under M.R.Evid. 803(4). Obviously, the fact that the victim told the physician that the act was forced and that she had been choked during it are relevant to his diagnosis and treatment. Furthermore, the physician prefaced his remark by saying that the emotional ramifications of rape are a significant part of the victim's problem in relation to treatment. Accordingly, the recounting of the knife threat pertained to the emotional trauma that the physician was also addressing. *See True,* 438 A.2d at 464, 467 (treating physician's testimony,

---

1. Defendant also challenges the admission over objection of the physician's testimony that the victim told the physician that "she had broken down in her vehicle on the interstate." However, as defendant himself testified that he was driving on the interstate and that the reason he stopped his car was that the tire on the victim's car was "just about falling off," the admission of this testimony, though error, was harmless error because it is highly probable that the error did not affect the guilty verdict. *True,* 438 A.2d at 467.

based on victim's statements to him, of identity of rapist and scene of crime were inadmissible hearsay, but his testimony of forcible nature of intercourse also based on victim's testimony was admissible as pertinent to treatment).

■ Defendant also contends that the trial justice unfairly singled out his testimony in the instructions to the jury depriving him of a fair trial. We find that this argument also lacks merit. The challenged portion of the trial justice's witness instruction was a statement that "[Defendant's] testimony should be weighed and determined just like that of any other witness." There is nothing improper in this comment. Unlike *State v. Barry*, upon which defendant relies, the trial justice in the case at bar did not single out for comment either defendant's interest in the outcome of the prosecution or the impact upon defendant's credibility as a whole of any testimony by defendant believed to be false by the jury. Instead, as the State points out in its brief, the instruction is confined to the redeeming portion of the *Barry* charge, a "statement that defendant's testimony should be treated like that of any other witness." *Barry*, 495 A.2d at 827. Accordingly, there is no error in the charge as given.

■ Finally, defendant argues that he is entitled to a new sentencing hearing because he was not allowed to make a meaningful challenge to: (1) inaccuracies in the factual history of the forensic report; (2) an erroneous psychological evaluation in the forensic report; and (3) the inclusion of an uncharged offense in the presentence report and reliance upon the uncharged offense in the forensic report. As the record reveals, however, defendant did have a meaningful opportunity to challenge the disputed information and the justice did not abuse his discretion in sentencing defendant.

■ A sentencing justice is accorded wide discretion when determining what sources and types of information he will consider when imposing sentence. *State v. Samson*, 388 A.2d 60, 67 (Me.1978). The one restriction is that the information considered must be "factually reliable." *State*

*v. Dumont*, 507 A.2d 164, 166 (Me.1986). Furthermore,

> "[t]o meet due process requirements the sentencing procedure must afford a defendant the opportunity to deny or explain information considered in determining the appropriate sentence. . . . The purpose of this requirement is to provide the defendant with an opportunity to dispute inaccuracies . . . ."

*State v. Hardy*, 489 A.2d 508, 512 (Me. 1985). The appropriate procedure for ensuring the factual reliability "should largely be left to the discretion of the sentencing justice." The procedural options available to a justice to ensure factual reliability include, but are not limited to, presentation of the information subject to cross-examination or a declaration by the sentencing justice that he will not consider it. *Dumont*, 507 A.2d at 166–67.

Defendant argues that he needed a continuance to obtain a second psychological evaluation, as well as a transcript of the victim's testimony, in order to challenge effectively the inaccuracies. Defendant did have the opportunity to challenge the information in both reports at the sentence hearing. He clearly delineated both the alleged factual inaccuracies and the contested psychological conclusions. The sentencing justice addressed the factual inaccuracies contained in the forensic report, stating:

> There may be some discrepancies between the factual analysis or factual basis as set forth by the interviewer, but the court sat at the trial, the court heard the testimony.

Given that the sentencing justice was aware of any discrepancies between the facts as set forth in the psychological evaluation and the facts as established at trial, he was able to evaluate appropriately the report for sentencing purposes.

■ In regard to the psychological evaluation, defendant's real complaint is not that he was denied the opportunity to challenge the evaluation itself, but rather that he could not do so effectively without a

second opinion. Defendant states that he wanted a second psychologist appointed "to demonstrate the inaccuracies contained in the forensic report." [2] Unlike the factual history in a forensic report, a psychological evaluation, which is based on opinion with which other psychologists might disagree, is not susceptible to "a demonstration of inaccuracies." As the State suggests, a second psychologist would be just as susceptible to the shortcomings of psychological analysis as the first. Moreover, the record clearly reveals that defendant was allowed to challenge the court-appointed psychologist's opinion that he could not be rehabilitated by having a treating psychologist from a veteran's center testify about defendant's mental condition and his belief that defendant can be rehabilitated.

 Finally, defendant argues that the sentencing justice erred in failing to state on the record that he would not consider the contested allegation of assault. Although it might have been desirable for the sentencing justice to have stated that he would disregard the allegation altogether, defendant was not denied due process by this omission. Not only was the allegation, as part of a presentence report marshalled by a probation officer, presumed to be reliable, *Dumont*, 507 A.2d at 166, but defendant did have the opportunity to comment upon this charge. Moreover, in the forensic report the psychologist consistently refers to the alleged assault as a possibility only and does not refer to it at all in his conclusion as to the likelihood of rehabilitation. More important, however, is the fact that although the sentencing justice specifically refers to other incidents of defendant's prior history, he makes no reference to the assault allegation in describing the basis for the sentence imposed. There is nothing in the record to suggest that the sentencing justice relied on this allegation in any way. Accordingly, defendant was

not deprived of due process and is not entitled to a new sentencing hearing.

The entry is: Judgment affirmed.

All concurring.

---

**2.** Defendant's reliance upon *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) as authority that an indigent defendant is entitled to a court-appointed mental expert is misplaced. *Ake* dealt with a situation where the

defendant's "sanity is likely to be a significant factor in his defense." *Ake,* 470 U.S. at 82–83, 105 S.Ct. at 1096 (indigent defendant in a murder trial raising an insanity defense is entitled to a state-appointed psychiatrist).