STATE of Maine

v.

Bonnie E. MURRAY.

Supreme Judicial Court of Maine.

Argued Jan. 23, 1992.

Decided Feb. 25, 1992.

Michael Povich, Dist. Atty., Steven A. Juskewitch (orally), Asst. Dist. Atty., Ellsworth, for plaintiff.

Laurie Anne Miller (orally), Ferris, Dearborn & Willey, Brewer, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

This case comes to us on appeal from judgments of conviction for theft, 17–A M.R.S.A. § 353 (1983), and negotiating a worthless instrument, 17–A M.R.S.A. § 708 (1983 & Supp.1991), entered by the Superior Court (Hancock County, *Kravchuk, J.*) after a jury trial. Defendant Bonnie Murray contends that the admission into evidence of her bank records was error. Murray also argues that the State failed in its proof on the charge of negotiating a worthless instrument, and that there was insufficient evidence upon which the jury could base a finding of guilt on the theft count. Finally, Murray claims that the general conduct of the trial resulted in a denial of her due process rights. We find no merit in any of these contentions and affirm the judgments.

Murray was employed as a bookkeeper for the Hilltop House Restaurant in Ellsworth from February 1986 to March 1989. Murray was discharged after it was discovered that the restaurant's business accounts were seriously overdrawn. A criminal investigation resulted in indictments against Murray for theft by altering records of the restaurant and depositing less money into the business accounts than was being received by the restaurant, and for negotiating worthless instruments by cashing a number of personal checks at the restaurant that were later returned for insufficient funds, with no repayment made

to the business.[1] Murray was found guilty and convicted in Superior Court and now brings this appeal.

◼ Murray's first contention is that her banking records were improperly obtained and, therefore, erroneously admitted at trial. The record clearly shows that the banking records admitted into evidence in this case were properly disclosed to the authorities in response to legal process pursuant to 9–B M.R.S.A. §§ 162 and 163 (1980 & Supp.1991). Murray was served with subpoenas before disclosure was made by the banks. There was no error in the admission of the records in evidence. Because the banking records were obtained in accordance with statute, we need not address Murray's argument that she has an expectation of privacy in her banking records that would preclude their disclosure in the absence of compulsion by legal process. *See State v. Fredette*, 411 A.2d 65, 67 (Me.1979).

◼ Murray next contends that the State did not present sufficient evidence at trial to prove the scienter element of the crime of negotiating a worthless instrument.[2] The appropriate appellate standard for determining if there is sufficient evidence to support a jury's conviction is whether, "based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry*, 495 A.2d 825, 826 (Me.1985). Our view of the record discloses that there was ample evidence presented on which the jury could find beyond a reasonable doubt that Murray knew her checks would be dishonored. Further, and contrary to Murray's assertions, there was sufficient evidence on which the jury rationally could conclude beyond a reasonable doubt that Murray obtained or exercised "unauthorized control over the property of another with the in-

tent to deprive him thereof," and thus committed theft. 17–A M.R.S.A. § 353.

 Finally, Murray's argument that the trial was conducted in such a manner as to result in a violation of her due process rights is unavailing. Our review of the record shows that the presiding justice fully and fairly addressed, and rectified if necessary, each of the defendant's concerns raised at trial. The court acted well within its broad discretion in controlling the introduction of evidence at trial. *See* M.R.Evid. 611(a).

The entry is:

Judgments affirmed.

All concurring.

---

1. An additional charge of theft by deception, 17–A M.R.S.A. § 354 (1983), was subsequently dismissed.

2. 17–A M.R.S.A. § 708 (1983) provides in pertinent part:

1. A person is guilty of negotiating a worthless instrument if he intentionally issues or negotiates a negotiable instrument knowing that it will not be honored by the maker or drawee.