**STATE of Maine**

v.

**Roy I. ABBOTT.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1992.
Decided April 8, 1993.

---

Michael E. Carpenter, Atty. Gen., Francis E. Ackerman (orally), Asst. Atty. Gen., Augusta, for the State.

Michael E. Saucier (orally), Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Roy I. Abbott appeals from a judgment of conviction entered in the Superior Court (York County, *Brennan, J.*) on two counts of murder. Defendant entered pleas of not guilty and not criminally responsible by reason of insanity to charges that he shot his two young sons. On appeal, he contends that the Superior Court denied him a fair trial by failing to instruct the jury that it might consider evidence that he was suffering from an abnormal condition of the mind in determining whether the State had proved that he acted intentionally or knowingly. Finding no error, we affirm.

Defendant is alleged to have killed his two sons, aged 4 and 6, in Shapleigh after having taken the boys from their mother in Texas. In a unitary trial of defendant's guilt and criminal responsibility, a forensic psychiatrist testified for the defense that defendant was having a psychotic episode that made him feel compelled to shoot the boys and was attempting to commit suicide but was unable to differentiate between himself and the boys. The psychiatrist also testified that defendant could not distinguish between life and death but that defendant nevertheless intended to kill the boys because killing them was necessary in order to achieve his purpose of sending them to heaven.

At the conclusion of the evidence, defendant requested the following jury instruction:

There has been evidence in this case from which you may conclude that Mr. Abbott suffered from an abnormal condition of the mind at the time of the alleged crime. If you conclude that Mr. Abbott did, in fact, suffer from an abnormal condition of the mind at the time of the alleged crime, you must consider whether the abnormal condition of mind

prevented Mr. Abbott from acting knowingly or intentionally.

If you find that Mr. Abbott suffered from an abnormal condition of mind at the time of the alleged crime, you may not find that he acted knowingly or intentionally, i.e., you must find him not guilty unless you are convinced beyond a reasonable doubt that Mr. Abbott's abnormal condition of mind did not impair his ability to act intentionally or knowingly.

The Superior Court declined to give the instruction, stating that a jury could not rationally conclude that defendant did not intend or know that the consequences of his actions would be death and that the instruction would run the risk of confusing the jury. The jury returned a verdict of guilty, rejecting the insanity defense. Defendant now appeals his conviction on the basis of the court's failure to give any instruction on abnormal state of mind.

■ Evidence of a mental abnormality may raise a reasonable doubt whether a defendant had the required culpable mental state to commit a crime.[1] Failure to instruct the jury that it might consider evidence of mental abnormality relevant to the issue of a culpable mental state is error if any of the admitted evidence bears on that determination. *State v. Burnham,* 406 A.2d 889, 899 (Me.1979). "This instruction is particularly important in the unitary trial. Without it, the instructions on the affirmative defense of insanity may mislead the jury as to the prosecution's burden of proof on 'culpable state of mind' when the evidence tending to negate 'culpable state of mind' is the same evidence which goes to establish the 'insanity defense.'" *Id.* at 896 (footnote omitted).

■ In the present case, the expert psychiatric testimony presented by defendant was directed to the issue of criminal responsibility and did not generate an issue whether an abnormal mental condition bore on the culpable state of mind. Testimony that defendant felt compelled to shoot his sons does not bear on the determination whether defendant had the requisite mental state. Compulsion "does not tend to negate a conscious purpose to cause the result nor show that defendant lacked conscious awareness of the circumstances of his actions." *State v. Mishne,* 427 A.2d 450, 455 (Me.1981). Here, the psychiatric testimony in the whole reinforced the purposeful nature of defendant's conduct and his awareness of the probable consequences. A factfinder could not find a reasonable doubt based on an abnormal mental state as to either defendant's intent or knowledge. *See State v. Rainey,* 580 A.2d 682, 685 (Me.1990) (a jury must be able rationally to find support of a theory from the evidence in order to warrant an instruction).

■ Defendant also contends that the evidence was insufficient for the jury to find that he acted knowingly or with intent to commit murder, and he contends that the jury could not reasonably conclude that defendant was criminally responsible.[2] The State produced sufficient evidence for the jury rationally to find that defendant knowingly or intentionally caused the children's deaths. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985). An expert witness for the State testified that defendant was capable of acting purposefully at the time of the shootings and that defendant had expressed a sense of moral justifica-

1. Evidence of an abnormal condition of the mind may raise a reasonable doubt as to the existence of a required culpable state of mind. 17–A M.R.S.A. § 38 (1983).

2. Maine's insanity defense is formulated as follows:
    1. A defendant is not criminally responsible if, at the time of the criminal conduct, as a result of mental disease or defect, he lacked substantial capacity to appreciate the wrongfulness of his conduct. The defendant shall have the burden of proving, by a preponder-

ance of the evidence, that he lacks criminal responsibility as described in this subsection.
    2. As used in this section, "mental disease or defect" means only those severely abnormal mental conditions that grossly and demonstrably impair a person's perception or understanding of reality. An abnormality manifested only by repeated criminal conduct or excessive use of alcohol, drugs or similar substances, in and of itself, does not constitute a mental disease or defect.
17–A M.R.S.A. § 39 (Supp.1991).

tion about his actions despite being aware of their illegality. Evidence of four firings of the shotgun at close range to the boys' heads and chests and defendant's statements afterwards, "I just killed my kids," suggest consciousness from which the jury could have inferred the necessary intent or knowledge.

■ Defendant had the burden of proving by a preponderance of the evidence that he was not criminally responsible. 17–A M.R.S.A. § 39 (Supp.1991). The question is one of fact for the jury, and we will disturb a jury verdict only upon a strong showing that no fact finder could reasonably conclude otherwise than that the defendant lacked criminal responsibility for his conduct. *State v. Condon*, 468 A.2d 1348, 1351 (Me.1983). The jury reasonably could have credited the testimony of the State's expert witness that defendant recognized the illegality of his actions and shot the children because he did not want them returned to an abusive environment. Such testimony was corroborated by testimony describing defendant's demeanor when he appeared at the York County sheriff's office immediately after the crime.

The entry is:

Judgment affirmed.

All concurring.