**STATE of Maine**

**v.**

**Marc R. PLANTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 5, 1993.

Decided Nov. 23, 1993.

Michael Cantara, Dist. Atty., Alfred, for the State.

Kenneth I. Marass, Waterhouse, Titcomb, Marass, Flaherty & Knight, Sanford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

 Marc R. Plante appeals from a judgment entered in the District Court (Springvale, *Janelle, J.*) convicting him of knowingly furnishing liquor to a minor or allowing a minor to consume liquor in a place under his control, in violation of 28–A M.R.S.A. § 2081 (1988 & Supp.1992). The judgment was affirmed in the Superior Court (York County, *Lipez, J.*). Plante contends that the evidence is insufficient to sustain his conviction. In reviewing challenges to the sufficiency of the evidence, we review the evidence in a light most favorable to the State to determine whether a factfinder rationally could find beyond a reasonable doubt every element of the criminal charge. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

In March 1992, two police officers were dispatched to the apartment building in which Plante lived to investigate reports of a raucous party. At the scene, the officers saw several young persons in and about the building drinking beer. Many of them appeared to be underage. The officers ascertained that Plante was the host. One of the officers, personally acquainted with the minor, saw her drink a beer on the premises. Later, the minor was stopped by police for a traffic infraction as she drove away from Plante's residence. The police learned that Plante knew she was underage. Plante was then served with a summons.

 To be guilty of the offense requires very little active misbehavior. All a person needs to do is provide the premises for the consumption of alcohol and place no restrictions on those guests known to be underage. Pursuant to 17–A M.R.S.A. § 35(2) (1983), a person acts knowingly with respect to that person's conduct when the person is aware that it is practically certain the conduct will cause a result. Although Plante argues that the evidence against him was all circumstantial, it was sufficient to sustain his conviction. *State v. Lovejoy,* 493 A.2d 1035 1038 (Me. 1985). Plante also argues that the State failed to prove that the minor's parents or legal guardians were not present at the party, which would exempt him from culpability under 28–A M.R.S.A. § 2081(2) (1988). The State, however, is not required to negate any exception unless it is placed in issue at trial. This issue was not. *See* 17–A M.R.S.A. § 101(1) (1983).

The entry is:

Judgment affirmed.

All concurring.