## STATE of Maine

v.

### James VINING.

*Supreme Judicial Court of Maine.*

Argued June 22, 1994.

Decided Aug. 5, 1994.

Michael E. Carpenter, Atty. Gen., Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for State.

Joel Vincent (orally), Scarborough, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

James Vining appeals from the judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) following his jury trial conviction of reckless or criminally negligent manslaughter. 17–A M.R.S.A. § 203(1)(A) (1983 & Supp.1993). Vining contends, *inter alia,* that the trial court erroneously admitted testimony from the State's medical examiner that Mark Eaton's death was a homicide and challenges the sufficiency of the evidence. Because we agree that the trial court erred by allowing the medical examiner to testify that Eaton's death was a homicide, we vacate the judgment.

Mark Eaton died after falling over backwards and hitting his head on a cement floor. At the time of his death, Eaton was extremely intoxicated and was recovering from a recent, severe beating. An eyewitness testified at trial that Vining was standing in front of Eaton when Eaton fell over, and that Vining and Eaton had been arguing about a debt Vining owed to Eaton. The witness, who was also intoxicated at the time, testified that he did not actually see Vining push Eaton, and also testified that he thought Vining might have stepped on Eaton's head as Eaton lay on the ground, but that he did not actually see Vining's foot hit Eaton's head. The State Medical Examiner testified that although there was no physical evidence from Eaton's body that would allow her to determine whether Eaton fell or was pushed, she concluded based on her conversations with the police investigators that Eaton's death was a homicide. The jury convicted Vining and he now appeals.

Vining contends that the medical examiner should not have been allowed to express her opinion about the manner of Eaton's death. The medical examiner explained that in her profession, the "cause of death" refers to the "underlying disease or injury or process," for example, heart attack, overdose, or injury. The "manner of death" refers to the agent that causes death—natural cause, accident, suicide, or homicide.

We agree that the medical examiner's opinion that Eaton's death was a homicide was not a product of her expertise. The medical examiner conceded that there was no physical evidence that Eaton's death had been caused by a human agent as opposed to

an accidental fall.[1] Her opinion was based solely on her discussions with the police investigators and therefore amounted to an assessment of the credibility and investigatory acumen of the police. The credibility of witnesses is the exclusive province of the jury. *See State v. Rich,* 549 A.2d 742, 743 (Me.1988) (eyewitness reliability within "common knowledge of ordinary juror" and therefore expert testimony properly excluded).

In response to Vining's contentions, the State argues that "Dr. Sweeney's opinion assisted the jury in determining whether Eaton's fatal injuries resulted from accidentally falling backwards off his chair onto the floor or from the severe force applied by another person." That argument begs the issue. It is appropriate for the medical examiner to testify, as she did, that the damage to the skull shows that severe force was applied. It is another thing entirely, however, to testify that although the physical evidence was insufficient for her to distinguish whether Eaton fell or was pushed, the police investigators have convinced her that Eaton's death was a homicide. That is not an expert medical opinion.

Vining objected repeatedly at trial to the admission of the examiner's opinion that the death was a homicide. The standard of review is harmless error—whether it is highly probable that the error did not affect the judgment. *State v. True,* 438 A.2d 460, 467 (Me.1981). It seems highly probable that the medical examiner's opinion did affect the jury's decision.

Contrary to Vining's contention, the evidence is sufficient to support a finding of each essential element of the crime for which he was charged beyond a reasonable doubt. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). Vining raises several other contentions, none of which have any merit.

The entry is:

Judgment vacated.

All concurring.

1. Q. What physical evidence did you find during your examination that would lead you to the conclusion that this injury was caused at the hands of another as opposed to an accidental fall?
A. None.