**STATE of Maine**

v.

**Larry SICKLES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 25, 1995.

Decided March 14, 1995.

---

Jeffrey M. Silverstein, Asst. Dist. Atty., Bangor, for State.

Thomas F. Shehan, Jr., Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Larry Sickles appeals from the judgment entered on his conviction of unlawful sexual contact, 17–A M.R.S.A. § 255 (Class C) (Supp.1994), after a jury verdict in the Superior Court (Penobscot County, *Kravchuk, J.*). Sickles contends his Sixth Amendment right of confrontation was violated by the trial court's admission of the victim's statements through her diagnosing physician when the State neither produced the victim as a witness nor demonstrated her unavailability, nor requested the trial court pursuant to 15 M.R.S.A. § 1205 (Supp.1994)[1] to find that

---

**1.** 15 M.R.S.A. § 1205 (Supp.1994) provides:
A hearsay statement made by a person under the age of 16 years, describing any incident involving a sexual act or sexual contact performed with or on the minor by another, shall

she would be harmed physically or emotionally by testifying. He further argues that the State did not sufficiently establish the requisite intent. Although a portion of one doctor's testimony was admitted in error, its admission does not rise to obvious error requiring us to vacate the judgment. *See State v. True,* 438 A.2d 460, 469 (Me.1981). Finding no other error, we affirm.

The victim, Sickles' granddaughter, visited Sickles and his wife for approximately five days in October 1991. Sickles concedes that he penetrated the victim's vagina with his finger one night during that visit. He claimed at trial, and maintains on appeal, that he thought the person next to him in bed was his wife, and that as soon as he realized his error he pulled his hand away. When the victim returned home from the visit, she complained to her mother. This complaint caused the victim's mother to take her to the Waldo County General Hospital. Dr. Linda Tyre, an emergency room physician who examined the victim, testified to the victim's description of the incident and to her diagnosis of the victim's injuries. Dr. Lawrence Ricci, a child abuse specialist, examined the victim several days after Tyre and testified at trial to the victim's statements and his diagnosis. Both testified that their examinations revealed physical symptoms consistent with the victim's description of the incident. Philip Moody, the detective with the Bangor Police Department who interviewed Sickles in the course of the police investigation, testified that Sickles at one point acknowledged that he knew the person in bed with him was not his wife and that he needed help. The jury returned a verdict of guilty.

*Unavailability*

Sickles claims that the Sixth Amendment right of confrontation obligated the State to produce the victim as a witness at the trial or to have the court make a finding that she was unavailable or, pursuant to 15 M.R.S.A. § 1205, that she would be harmed physically or emotionally by testifying.

The Supreme Court in *White v. Illinois,* 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), held that the right of confrontation did not require the State to produce the witness or find the witness unavailable before hearsay testimony could be admitted pursuant to either the spontaneous declaration[2] or the medical examination exception to the hearsay rule. "[W]here proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied." *White v. Illinois,* 502 U.S. at 347, 112 S.Ct. at 738, 116 L.Ed.2d at 859. The *White* Court considered the desire to get an accurate diagnosis and appropriate treatment as a sufficient guarantee that the declarant will be truthful about her symptoms.[3] *Id.*

We refer to *White* today only to refute Sickles' bald assertion that the Confrontation Clause obligated the State either to produce the victim or demonstrate her unavailability.

---

not be excluded as evidence in criminal proceedings in courts of this State if:

    **1. Mental or physical well-being of a person.** On motion of the attorney for the State and at an in camera hearing, the court finds that the mental or physical well-being of that person will more likely than not be harmed if that person were to testify in open court; and

    **2. Examination and cross-examination.** Pursuant to order of court made on such a motion, the statement is made under oath, subject to all of the rights of confrontation secured to an accused by the Constitution of Maine or the United States Constitution and the statement has been recorded by any means approved by the court, and is made in the presence of a judge or justice.

**2.** This exception to the hearsay rule is referred to as the excited utterance exception. M.R.Evid. 803(2); F.R.Evid. 803(2).

**3.** *White v. Illinois,* along with *United States v. Inadi,* 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), limited the holding of a prior case, *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The *White* Court stated: "[R]oberts stands for the proposition that unavailability analysis is a necessary part of the Confrontation Clause inquiry only when the challenged out-of-court statements were made in the course of a prior judicial proceeding." *White v. Illinois,* 502 U.S. at 354, 112 S.Ct. at 741, 116 L.Ed.2d at 858.

*Did the testimony satisfy M.R.Evid. 803(4)?*

Sickles argues that some testimony exceeded the scope of M.R.Evid. 803(4) [4] by attributing fault or blame. With emphasis added to that portion Sickles claims exceeded the scope of the exception, Tyre's testimony follows in pertinent part:

> I asked Erin to describe what had happened to her, and she said she had been touched, she said, "down there" and pointed to her genital area, and she said that a finger had been put in her and moved back and forth and did a finger motion between her legs like that (demonstrating). She said she—she said it hurt. *She said she asked that it stop, and she said she was scared.*

We have approved the admission of hearsay testimony pursuant to 803(4) when the statements to a physician are pertinent to treatment but not when they merely affix fault or blame. *See e.g., State v. Rosa,* 575 A.2d 727, 729 (Me.1990) (finding a victim's statements that she had been forced to have sex pertinent to medical treatment, and that she had been threatened with a knife relevant to treatment for emotional trauma when physician testified that he was treating the victim for this emotional trauma); *State v. Leone,* 581 A.2d 394, 399 (Me.1990) (finding defendant's statements to a doctor that he was shot while "trying to get away" and that he "didn't do it" to be inadmissible because they attributed fault or blame); *State v. True,* 438 A.2d at 467 (finding pertinent to treatment those statements describing the impetus for seeking treatment and noting the date of the alleged rape, but not those statements identifying the perpetrator or the scene of the incident).

■ While Sickles asserted, during the court's consideration of his motion for a judgment of acquittal, that the victim was an incompetent witness, he neither explained this assertion nor objected to the testimony on the ground that the victim did not have the requisite state of mind or motive to make these statements for purposes of securing treatment. We therefore focus on whether the statement was one "insofar as reasonably pertinent to diagnosis or treatment." M.R.Evid. 803(4). "The reason why the doctor asks a question is self-evidently relevant to the issue of medical pertinence. Pertinence, within the contemplation of Rule 803(4), is an objective consideration beyond the declarant's state of mind." *Cassidy v. State,* 74 Md.App. 1, 536 A.2d 666, 686 (1988). Pertinence may be tested by asking whether the information is of a type on which a physician could reasonably rely to form a diagnosis or provide treatment. *United States v. Iron Shell,* 633 F.2d 77, 84 (8th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). *See also Cassidy v. State,* 536 A.2d at 686 (quoting J. Weinstein & M. Berger, *Evidence* ¶ 803(4)[01], at 803–146 (1984)).

■ That the victim, as Tyre phrased it, "asked that it stop," is not clearly pertinent to Tyre's diagnosis. Tyre's role in examining the victim was limited to providing emergency room care. Tyre did not indicate whether or how the knowledge that the victim may have "asked that it stop" helped her in her diagnosis. The statement is irrelevant to her diagnosis or opinion that the victim's physical symptoms were consistent with the incident as the victim described.

The instant case is distinguishable from *Cassidy* and *Leone* in that the statements in those cases identify the accused. Identity is not at issue in the instant case, nor is the statement at issue problematic for the reason that it identified Sickles. The statement did, however, speak to the intent of Sickles, acknowledged by the State to be the only issue generated. The victim's description of her statement to Sickles contained not only information about how it occurred, but also an indication that Sickles may have been aware of her at least at one point during the incident. This indicates intent. Absent some

---

4. M.R.Evid. 803(4) reads in pertinent part:
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   .    .    .    .    .

   **(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

stronger showing that the statement was pertinent to Tyre's diagnosis, the statement should have been excluded.

■ Because the State presented other evidence from which the jury could infer intent, the error does not amount to obvious error. *State v. True*, 438 A.2d 460 (Me.1981). Contrary to Sickles' contention, the other evidence was not admitted in error and therefore did not compound the error of admitting the victim's statements through Tyre. Specifically, it was not error to admit the detective's statement that Sickles hung his head, acknowledged that he knew the person in bed next to him was not his wife, and admitted he needed help, as an admission of a party-opponent, M.R.Evid. 801(d)(2). From the detective's statement and through an assessment of the credibility of, *inter alia*, Sickles' defense, the jury rationally could find beyond a reasonable doubt that Sickles was guilty of the crime charged.

The entry is:

Judgment affirmed.

All concurring.